**Thomas E. HOLSWORTH, Mason Holsworth, and Joe P. Cantu, Individually and d/b/a Texas Mercantile, Appellants,**

v.

**Don CZESCHIN, Appellee.**

**No. 1892.**

Court of Appeals of Texas, Corpus Christi.

April 1, 1982.

Rehearing Denied April 22, 1982.

John William Black, Cox, Wilson, Black & Roerig, Brownsville, for appellants.

Glen A. Barnard, Harlingen, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

In this case, appellants Thomas E. Holsworth, Mason Holsworth, and Joe P. Cantu challenge a decision by the trial court that appellee Don Czeschin, as an employee of their business, was entitled to back wages, car allowance and attorney's fees. Trial was ⋅to the court without a jury. After judgment was rendered, the trial court filed findings of fact and conclusions of law under Rule 296, T.R.C.P. We affirm.

A review of the evidence discloses that in 1975, Joe Cantu, Thomas Holsworth, and Mason Holsworth became partners in Texas Mercantile, a business which imported products from Mexico. In November of 1975, Joe Cantu discussed with the appellee the possibility of Mr. Czeschin's working in the business. The appellee stated the income and fringe benefits he desired and put these terms into a letter to Joe Cantu. There is evidence in the record which shows that the appellants began paying the $400.00 net weekly wages and $250.00 monthly car allowance requested by appellee, but that they soon fell behind.

In order to obtain the money owed him by the company, the appellee sent Thomas Holsworth a letter showing the total amount due and met with him to resolve the problem. At the meeting, which was held in September of 1977, Mr. Holsworth gave appellee two checks totalling $3,000.00 and promised to pay the remainder within a few months. The promise was not kept. Whereupon, in December 1977, appellee's attorney issued a letter advising the appellants that suit would be brought if they did not pay the amounts due within 30 days. Appellants' failure to pay led to the filing of suit and ultimately to a judgment against them of $13,435.40 for back wages and car allowance and $4,000.00 for attorney's fees. In support of the claim for attorney's fees, Mr. Czeschin testified that he employed a lawyer to assist him in recovering his back wages. He recalled numerous meetings between himself and his attorney and described various documents filed in connection with the suit. Mr. Czeschin agreed to pay ⅓ of the recovery as reasonable attorney's fees. The appellee's attorney also testified regarding the nature and quantity of his work on the case.

In their two points of error, the appellants argue alternatively that there is either no evidence or insufficient evidence to support the findings that Mr. Czeschin was an employee of Texas Mercantile or that the attorney's fees were either reasonable or necessary. When confronted with a no evidence point of error, this Court is required to consider only that evidence which supports the finding and then in its most favorable light. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). In considering an insufficiency point, it is the duty of the Court to consider and weigh all the evidence in the record to determine if it supports the judgment. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

We shall first consider whether the determination that Mr. Czeschin was an employee of Texas Mercantile finds support in the record. The position of the appellants is that he was a partner rather than an employee and was, therefore, not entitled to any wages. Because Mr. Czeschin kept the books for Texas Mercantile, the evidence consists primarily of his own figures, tax returns, and testimony. There are also tax returns filed by accountants on behalf of the partnership and checks from the company to the appellee which substantiate his version of his relationship with the company. In rebuttal, appellants sim-

ply contended that Mr. Czeschin was their partner and not their employee but presented little evidence in support of their position.

Since the evidence presented by all parties consisted almost exclusively of their own testimony (and documents prepared by them), the task of the trial judge was simply to decide which party to believe. It is within the sole province of the trier of facts to judge the credibility of the testimony of the witnesses. *Hall v. Villarreal Development Corp.*, 517 S.W.2d 326 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd). This Court may not substitute its judgment for that of the trier of fact in determining the credibility of witnesses. *Jim Walter Homes, Inc. v. Castillo*, 616 S.W.2d 630, 634 (Tex.Civ.App.—Corpus Christi 1981, no writ). In our review of the evidence in a light most favorable to the trial court's judgment, we find some evidence of probative value to support the findings. Furthermore, we believe that the trial court's findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Appellants' first point of error is overruled.

The appellants also complain that the reasonableness and necessity of attorney's fees were not established at the trial level. Tex. Rev.Civ.Stat.Ann. Art. 2226 (Vernon Supp. 1982) provides, "The usual and customary fees in such cases shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence. In a proceeding before the court ... the court may in its discretion take judicial knowledge of the usual and customary fees in such matters and of the contents of the case file without receiving further evidence."

■ The allowance of attorney's fees by the trial court will be disturbed only if there is a clear showing that the trial court abused its discretion. *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). Several factors should be considered in determining the reasonableness of attorney's fees. Among these are the nature of the case, its difficulties, the nature of the legal services, the amount of money involved, the client's interest at stake, the time spent by the attorney on the case, the responsibility imposed upon the lawyer and the skill and experience needed to perform the services. *Knopf v. Standard Fixtures Co., Inc.*, 581 S.W.2d 504, 507 (Tex. Civ.App.—Dallas 1979, no writ). Another factor that the trial court may take into account in determining the reasonableness of the fee is the existence of a contingent fee agreement. *Mecey v. Seggern*, 596 S.W.2d 924, 929 (Tex.Civ.App.—Austin 1980, no writ).

■ The process of determining whether a particular fee is reasonable necessarily involves a comparison to fees allowed for similar legal services. Article 2226, *supra*, recognizes the signicance of the Court's familiarity with fees charged in like cases by providing "the usual and customary fees in such cases shall be presumed to be reasonable."

In the case before us, the trial court heard testimony on the necessity of employing an attorney, the extent of his work on the case and the amount of his fee. The appellee presented no evidence that this fee was usual and customary. But appellee's failure to do so is not fatal since Article 2226, *supra*, provides that when the trial is before the court, the court may take judicial knowledge of the usual and customary fees in such cases. Although the appellee did not ask the trial court to take judicial notice nor did the court formally announce that it had done so, we may presume that the trial court, in support of its judgment, did take judicial notice of the usual and customary fees for the legal services performed by appellee's attorney. *Texas Securities Corp. v. Peters*, 463 S.W.2d 263, 265 (Tex.Civ.App.—Fort Worth 1971, no writ); *Buckaloo Trucking Company v. Johnson*, 409 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1966, no writ). Thus, the trial judge did have sufficient information before him to ascertain a reasonable fee. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.