**Martha BYRD Plaintiff,**

v.

**KEENE CORPORATION Defendant and Third-Party Plaintiff,**

v.

**CAPE INDUSTRIES, LTD. and Egnep (Pty.), Ltd.**

Civ. A. No. 83–0148.

United States District Court,
E.D. Pennsylvania.

Aug. 20, 1984.

No appearance for plaintiff.

John F. Ledwith, LaBrum & Doak, Philadelphia, Pa., for defendant.

---

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Two motions are currently pending in this asbestos action. Both were filed by defendant Keene Corporation ("Keene") and only affect the interests of third-party defendant EGNEP (Pty.), Ltd. ("EGNEP"). One is a motion to vacate the Order entered by this court on March 7, 1984, pursuant to Eastern District of Pennsylvania Rule of Civil Procedure 23(b), which dismissed this action due to a settlement of the action by the parties. The other motion is a request for entry of default judgment under Federal Rule of Civil Procedure 55(b). Neither motion has been responded to by EGNEP.

Keene's original motion for entry of default against EGNEP and Cape Industries, Ltd.—another third party defendant—filed in October 1983 was denied on November 29, 1983 because there was no evidence that third-party defendants had been served with a copy of the summons and third-party complaint in accordance with Federal Rule of Civil Procedure 4. Keene subsequently served its third-party complaint on EGNEP registered mail and filed a signed return receipt with this court on January 27, 1984 as evidence of completed service.

A settlement conference between plaintiff and Keene was held in chambers on January 12, 1984, after which a settlement agreement was reached between these two parties in the amount of $57,500. Keene notified EGNEP of the settlement in a letter dated January 13, 1984 which also demanded that EGNEP pay the settlement amount to plaintiff. Keene's letter advised EGNEP that, if EGNEP did not comply, Keene would then move for entry of judgment against EGNEP for the settlement amount and associated costs.

Keene filed an affidavit for entry of default by the Clerk of the Court under Rule 55(a) on January 27, 1984. The default was entered by the Clerk on the same day.

On March 2, 1984, counsel for Keene sent a letter to chambers stating that the action had been settled and requesting the entry of an order dismissing the action under Local Rule 23(b). Such an order was filed on March 7, 1984.

On March 12, 1984, Keene filed a request for entry of default judgment pursuant to Rule 55(b), claiming that the amount of the settlement was a sum certain owed by EGNEP to Keene because of EGNEP's failure to answer the third-party complaint within the twenty-day period established by Federal Rule of Civil Procedure 12(a).

■ The motion to vacate this court's Order of dismissal of March 7 requests that the Order be clarified to state that only the claims of plaintiff against Keene have been settled while the third-party claims remain active. Although the March 7 Order does not directly state that the third-party claims are dismissed, it is possible to interpret the Order to that effect. Therefore, I will order that the March 7 Order of dismissal be amended to state that only those claims by plaintiff against defendant Keene are dismissed under Local Rule 23(b).

■ The motion for default judgment raises more substantial issues. Default judgments serve as deterrents to delay in judicial proceedings, but their use must be balanced against the strong judicial policy favoring trial on the merits. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2681 at 402 (1983).

After an entry of default, and after the plaintiff has submitted an affidavit in support of the amount due, a default judgment may be entered in one of two ways. These two distinct methods for obtaining a default judgment are described in subsections (1) and (2) of Rule 55(b). Rule 55(b)(1) allows the Clerk of the Court to enter a

default judgment when three requirements are met: (1) the amount requested for judgment must be a "sum certain" or a "sum which can by computation be made certain;" (2) the defendant must be in default for failure to appear; and (3) the defendant must be neither an infant nor an incompetent person. If any of these requirements is not met, the default judgment can only be entered by the court under subsection (2). In this case, although Keene assumes that the settlement arrived at between it and the plaintiff establishes a "sum certain," I cannot make that same assumption both because there is no independent guarantee of the reasonableness of a settlement when a party who did not participate in the settlement negotiations is now expected to pay that amount and because it is unclear whether EGNEP should be liable for all or only part of third-party plaintiff's damages.

■ Relatively few cases have raised the question of what qualifies as a "sum certain" for the purposes of Rule 55(b) and none have addressed the precise issue raised by the current motion—whether a settlement arrived at without the participation of the defaulting party or anyone representing that party's interest is a sum certain. *See* 6 *Moore's Federal Practice* ¶ 55.04 (2d ed. 1984). In general, a default judgment cannot be entered under Rule 55(b)(1) in a personal injury claim because such claims do not involve a sum certain. *E.g., Hutton v. Fisher*, 35 F.R.D. 167 (E.D. Pa.1964), *vacated on other grounds*, 359 F.2d 913 (3d Cir.1966). The fact that plaintiff's claims against defendant have been settled in the present case does not create a sum certain with regard to the third-party claim when the claim is not otherwise one for which a sum certain is claimed.

> [Third-party plaintiff] cannot satisfy the certainty requirement simply by requesting a specific amount. He must establish that the amount requested is reasonable under the circumstances.

10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2683 at 415 (1983). In light of the fact that third-party defend-

ant's interests were not directly represented in the settlement negotiations which led to the sum requested by defendant, it is necessary for defendant to present independent evidence of the reasonableness of this amount before a default judgment can be entered in this case against EGNEP. Thus, the settlement in this case is not an appropriate basis on which to award a default judgment under Rule 55(b)(1).

■ Furthermore, Keene's claims against EGNEP are for either indemnity or contribution. Of course, the default entered by the Clerk of the Court did not distinguish between these claims. However, the amount of any default judgment will be dependent upon the basis for liability—if EGNEP is only liable for contribution, the judgment should only be entered against it for an appropriate proportion of the settlement negotiated between plaintiff and defendant (assuming that defendant can also establish that the settlement itself is reasonable).

Since the default judgment cannot be entered under Rule 55(b)(1), Keene's motion will be treated as one pursuant to Rule 55(b)(2). The decision whether to enter a default judgment is left to the sound discretion of the court under Rule 55(b)(2). *See* 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 at 423–27 (1983). In addition, if the court deems it necessary to investigate any matter in order to determine the appropriate amount of such a default judgment, the court may hold a hearing for that purpose. The parties may exercise their statutory and constitutional right to jury trial at that hearing just as they would have been allowed to at a trial on the merits of the action. Rule 55(b)(2).

In the present case, there are at least two matters which require further investigation prior to the entry of a default judgment. First, there must be an evaluation of the reasonableness of the amount of the settlement. Keene must show that plaintiff would have been entitled to at least that amount in damages if plaintiff had established Keene's liability at trial.

Keene is only entitled to a default judgment to the extent that its injury—the amount of the settlement—is reasonable. Thus, if plaintiff's damages are shown to be less than the amount of the settlement, the default judgment cannot be greater than plaintiff's actual damages. Second, there must be an evaluation of whether EGNEP is liable under a theory of indemnity or contribution. If EGNEP should only be held liable under the latter theory, then there must be a determination of the proportion of a reasonable settlement for which EGNEP should be responsible.

This matter will be referred to United States Magistrate William F. Hall, Jr. for a hearing on these two issues and for the preparation of proposed findings of fact and recommendations as to the appropriate amount of a default judgment in this case pursuant to 28 U.S.C. § 636(b)(1)(B).

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that:

1. Defendant's motion to vacate this court's Order of March 7, 1984, is DENIED. However, the Order of March 7, 1984, is AMENDED to state that the dismissal under Local Rule 23(b) only applies to the claims brought by plaintiff against defendant Keene Corporation.

2. Defendant's request for entry of default judgment is REFERRED to United States Magistrate William F. Hall, Jr. for a hearing on the issues identified in the Memorandum and for the preparation of proposed findings of fact and recommendations as to the amount of a default judgment pursuant to 28 U.S.C. § 636(b)(1)(B).