Alan **CLAGUE**, III and Susan L. Clague, Plaintiffs,

v.

John A. **BEDNARSKI**, Defendant.

No. CV 84–3431.

United States District Court, E.D. New York.

April 5, 1985.

Baron & Gleich, Great Neck, N.Y., for plaintiffs.

Sutera, Siracusa & Sutera, New York City, for defendant.

**553**

WEXLER, District Judge.

This case presents the question of whether a defendant who defaulted by failing to file a timely answer is entitled to discovery regarding unliquidated damages.

This is an auto accident case. Defendant defaulted by failing to file a timely answer. Defendant has moved for leave to conduct a deposition and physical examination of plaintiff in order to enable defendant to prepare for an inquest of damages.

 While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof where (as here) the amount is not liquidated and is not susceptible of mathematical computation. *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974). The defendant may appear and offer proof regarding the amount of damages. 6 Moore's Federal Practice § 55.03[2].

Rule 55(b)(2) of the Federal Rules of Civil Procedure, which authorizes the court to conduct a hearing to determine the amount of damages to be assessed against a defaulting defendant, is silent on the issue of whether such defendant may have discovery.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action".

Rule 8(d) of the Federal Rules of Civil Procedure provides that "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading."

 We believe that any rationale strong enough to justify allowing a defendant who has defaulted to appear and offer proof with respect to the amount of damages would equally justify allowing such defendant discovery with respect to the amount of damages. There would be little point in allowing a defendant to contest the amount of damages if the defendant is not permitted adequately to prepare for the hearing on damages. We therefore hold that Rule 26(b)(1) authorizes a defendant who has defaulted to conduct discovery regarding the amount of unliquidated damages in preparation for an inquest on damages under Rule 55(b)(2).

Defendant's motion for leave to conduct discovery is granted.

SO ORDERED.