■ MARY A. NAPOLITANO et al., Respondents, v WILLIAM BRANKS, JR., et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Samenga, J.), dated December 13, 1985, which, after an inquest on the issue of damages, is in favor of the plaintiffs and against them in the sum of $47,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted as to damages only, with costs to abide the event.

After the defendants' answer was stricken upon their failure to comply with a discovery order, an inquest, restricted solely to the issue of the plaintiffs' damages, was conducted. At the inquest, however, the court refused to permit the defense counsel to participate, reasoning that by virtue of the defendants' default, they no longer possessed standing as litigants in the suit. The court, over objection, then precluded

the defense counsel from cross-examining the plaintiffs' witnesses, informing him that his participation would be limited to "listening" to the proceedings. The court erred in precluding the defense counsel from participating in the inquest. As the Court of Appeals has observed, "a defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" *(Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730; *see also, McClelland v Climax Hosiery Mills,* 252 NY 347, 352; *Winson Gems v D. Gumbiner, Inc.,* 85 AD2d 69, 71, *affd* 57 NY2d 813). Where entry of a default judgment against a defendant is made after an application to the court, as here *(see,* CPLR 3215 [b]), the defendant is entitled to "full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" *(Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572; *see also, Rokina Opt. Co. v Camera King, supra,* at 730). Accordingly, the court's determination that the defense counsel could not participate at the inquest constituted error necessitating a new trial on the issue of damages.

We have reviewed the defendants' remaining contentions and find them to be without merit. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.