NORTHEAST WHOLESALE LUMBER, INC., Appellant,

v.

LEADER LUMBER, INC., Appellee.

No. 05–88–00685–CV.

Court of Appeals of Texas, Dallas.

May 30, 1989.

Mark H. How and Marcia F. Pennell, Dallas, for appellant.

G. Dennis Sullivan, Dallas, for appellee.

Before WHITHAM, THOMAS, and BURNETT, JJ.

BURNETT, Justice.

Leader Lumber, Inc. (Leader), sued Northeast Wholesale Lumber, Inc. (Northeast), on a sworn account. After two Northeast witnesses failed to appear for depositions, the trial court struck Northeast's pleadings and entered a default judgment. Northeast brings ten points of error

attacking the sanction and default judgment. We reverse and remand the award of attorney's fees for a new trial. The judgment of the trial court is otherwise affirmed.

On December 1, 1987, Leader filed its original petition on a sworn account. Leader perfected service on Northeast on December 30, 1987. Northeast filed a general denial in its unsworn original answer on January 14, 1988. Leader filed a motion for summary judgment on February 8, 1988, and a hearing for the motion was set for March 30, 1988. On March 22, 1988, Northeast filed its first amended answer, which contained a sworn denial.

With regard to discovery, on February 5, 1988, Leader served upon Northeast a request for admissions. On March 4, 1988, Northeast responded that the exhibits accompanying the request for admissions were illegible and denied the requests for admissions. On March 11, 1988, Leader served two notices of depositions for March 17, 1988, upon Northeast. The deponents and Northeast's counsel did not appear on March 17. On March 21, 1988, Leader filed a motion for sanctions, complaining of Northeast's failure to produce the deponents on March 17 and failure to properly answer the requests for admissions. The hearing on the motion for sanctions was set for March 30, 1988, at the same time as the motion for summary judgment.

At the hearing on the motion for sanctions, the trial court struck Northeast's pleadings pursuant to rule 215(2)(b)(5) of the Texas Rules of Civil Procedure. We do not have a transcription of this hearing. After striking Northeast's pleadings, the trial court entered a default judgment. Leader then proved its damages and attorney's fees. We have a statement of facts for that portion of the hearing regarding Leader's damages and attorney's fees.

■ In point of error one, Northeast argues that the trial court abused its discretion in striking its answer and entering a default judgment because the affidavit of Leader's counsel constituted no evidence that Northeast abused discovery. Northeast contends that the affidavit was not properly sworn to. Because we do not have a statement of facts on the hearing on Leader's motion for sanctions, the record does not affirmatively show that Northeast preserved the error, if any, by bringing this complaint to the attention of the trial court. TEX.R.APP.P. 52(a). Accordingly, Northeast's first point of error is overruled.

Before discussing Northeast's points of error two through four, we must first address the trial court's finding of fact number one and conclusion of law number one. In finding of fact one, the trial court found that Northeast abused the discovery process by failing to appear for deposition and by failing to respond to Leader's request for admissions. In conclusion of law one, the trial court stated that Northeast abused the discovery process and that, therefore, Leader was entitled to have Northeast's answer struck. In point of error two, Northeast contends that there is no evidence or, in the alternative, insufficient evidence to support finding of fact number one. In point of error three, Northeast contends that there is no evidence to support conclusion of law one. In point of error four, Northeast maintains that the trial court abused its discretion because there is no evidence or, in the alternative, insufficient evidence that it abused the discovery process.

■ When determining a "no evidence" point of error, appellate courts are to consider only the evidence and inferences that tend to support the findings of fact and disregard all evidence and inferences to the contrary. *See Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Forth Worth 1984, writ ref'd n.r.e.). When considering an "insufficient evidence" point of error, appellate courts must consider all the evidence in the case, both in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Id.* at 289.

■ Northeast argues that one of the proposed deponents was Jim Whitworth

and that Whitworth was its financial consultant. Northeast contends that Whitworth, as a financial consultant, was not an agent or employee subject to its control; therefore, Whitworth's failure to appear at the deposition was not attributable to it and points of error two through four should be sustained. We disagree. Northeast ignores the fact that Perry Bodin, the president of Northeast, also failed to appear for the depositions. Northeast does not argue that Bodin was not a party pursuant to rule 201(3) of the Texas Rules of Civil Procedure. Bodin's failure to appear provides both legally and factually sufficient evidence to support finding of fact number one and conclusion of law number one.

▇ Northeast next argues that the notices failed to provide "reasonable notice" pursuant to rule 200(2) of the Texas Rules of Civil Procedure. Northeast contends that the notices were served on Tuesday, March 11, 1988, and that the depositions were to be taken the following Monday, March 17, 1988, thereby providing only three full weekdays to contact the deponents and to locate documents.[1] Nothing in our record illustrates that Northeast brought this complaint before the trial court by either a motion to quash or by any other means. Northeast has failed to preserve its error, if any. TEX.R.APP.P. 52(a). Northeast's points of error two through four are overruled.

▇ In point of error five, Northeast maintains that the trial court abused its discretion in striking its answer and entering a default judgment because its response to Leader's request for admissions was sufficient. For the same reason, in point of error six, Northeast contends that the trial court erred in making finding of fact number one and conclusion of law number one. Regardless of the merits of this contention, because the trial court's judgment is supported by the evidence regarding Bodin's failure to appear for a

deposition, we hold that these arguments are moot.

In point of error seven, Northeast argues that the trial court abused its discretion in imposing sanctions against it because the trial court's choice of sanctions was arbitrary or unreasonable. "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles[,]" that is, "whether the act was arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242.

▇ Because the hearing on the motion for sanctions was not transcribed, our review is necessarily limited. The burden is on the party appealing the judgment of the trial court to show that the judgment is erroneous in order to obtain reversal. *Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex.1987). The record below must be construed in a light favorable to the judgment. *Keller v. Novel,* 699 S.W.2d 211, 212 (Tex. 1985). Absent a record showing the trial court's alleged abuse of discretion, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); TEX.R.APP.P. 50(d).

▇ The scant record that we have is in the form of the affidavit of Leader's attorney that he attached to Leader's motion for sanctions. The affidavit states:

> [Leader's attorney]: We're here at the offices of Pittenger & Associates, P.C. at 2:00 p.m., and the court reporter is

---

1. Northeast asserts that March 14, 1988, was a Friday; hence, March 11, 1988, should be a Tuesday and March 17, 1988, should be a Monday. In fact, March 14, 1988, was a Monday,

meaning that Leader served the notices on a Friday and that the depositions were scheduled for the following Thursday afternoon.

present, and the attorney for [Leader] is present to take the depositions of Perry Bodin and Jim Whitworth under notices which were hand delivered to the offices of Denton & Guinan on March 11th by Countdown, Inc. After receiving the notices, [Northeast's attorney] of Denton & Guinan promised to produce the two witnesses for depositions.

At 10:00 a.m. on March 17th, [Northeast's attorney] told [Leader's] attorney that he would not appear with the two witnesses for depositions at 2:00. [Northeast's attorney] explained that he had only called his clients on Tuesday, March 15th to tell them about the deposition notices and that Mr. Perry Bodin planned to be out of town knowing that the deposition was scheduled for March 17th. [Northeast's attorney] further stated that Mr. Jim Whitworth was in town but that he would not produce Mr. Whitworth for deposition.

[Northeast's attorney], upon questioning, stated that the reason for nonproduction was that he did not want to spend his clients' money to appear for depositions and that the depositions were of no use to [Leader] in the Summary Judgment proceedings. [Northeast's attorney] was told that [Leader] would decide how to use the depositions and that we absolutely wanted the depositions on March 17th at 2:00.

It was further explained to [Northeast's attorney] that the depositions were wanted to identify invoices which [Northeast] claimed they could not read and which were their denial of all requests for admissions. [Northeast's attorney] still refused to produce the witnesses to identify the invoices and the dollar figures on the invoices so that the request for admissions could be answered properly.

The record suggests that Northeast's attorney unilaterally determined Leader did not need the depositions; therefore, Northeast's witnesses did not need to appear for the depositions. As stated earlier, nothing in the record indicates that Northeast attempted to quash the deposition.

Rule 215(2)(b) provides: "If a party or an officer ... of a party ... fails to comply with proper discovery requests ..., the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following: ... (5) An order striking out pleadings...." TEX.R. CIV.P. 215(2)(b)(5).

Rule 215(2)(b)(5) provides the guiding rule and the authority for the trial court's action. The trial court's action was not, therefore, arbitrary or capricious *per se.* Because the hearing on the motion for sanctions was not transcribed, we must presume that the evidence before the trial judge was adequate to support the decision. *Simon,* 739 S.W.2d at 795. Northeast's seventh point of error is overruled.

In point of error eight, Northeast argues that inasmuch as points of error one through seven show that the entry of the default judgment was an abuse of discretion, the trial court's findings of fact and conclusions of law based upon the default judgment were also in error. Northeast's argument assumes that this Court has sustained one or more of its first seven points of error. Because we have overruled all of Northeast's first seven points of error, it follows that we must also overrule Northeast's point of error eight.

In point of error nine, Northeast asserts that the trial court erred in prohibiting its counsel from participating in the trial on the damage issue because such denial amounts to a violation of due process. In point of error ten, Northeast argues that the trial court erred in entering the findings of fact and conclusions of law that support the judgment for damages and attorney's fees because the trial on those issues violated its right to due process. Northeast complains that the trial court failed to give any notice inasmuch as the trial on damages and attorney's fees was held immediately after its pleadings were struck. Northeast also asserts that the trial court violated its right to due process by prohibiting its counsel from cross-examining Leader's counsel regarding attorney's fees.

Regarding Northeast's argument that the trial court failed to give it any notice, our review of the statement of facts and transcript fails to show that Northeast raised this complaint to the trial court either by objection during the hearing on damages or in a motion for new trial. Northeast has failed to preserve its notice argument. TEX.R.APP.P. 52(a).

 Northeast argues that the trial court violated its right to due process by preventing its attorney from participating during the prove-up of damages. A sworn account constitutes prima facie evidence of the debt, without the necessity of formally introducing the account into evidence. *Airborne Freight Corp. v. CRB Marketing, Inc.*, 566 S.W.2d 573, 575 (Tex.1978) (per curiam). Where the defendant fails to file a sworn denial of the account, no further evidence is required. *Id.* Where a party resisting a sworn claim fails to "timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be." TEX.R. CIV.P. 185; *Airborne Freight Corp.*, 566 S.W.2d at 574. Northeast's point of error nine is overruled.

 Northeast contends that the trial court violated its right to due process by preventing its attorney from cross-examining Leader's attorney regarding his fees. We agree. Where the damages are unliquidated, after a default judgment, the defendant has the right to be present, to interpose objections to testimony offered by the plaintiff's witnesses, and to cross-examine the plaintiff's witnesses. *Bass v. Duffey*, 620 S.W.2d 847, 849–50 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

Leader argues that because the trial court was authorized to take judicial notice of attorney's fees under section 38.004 of the Texas Civil Practice and Remedies Code, no evidentiary hearing was required; consequently, Northeast was not entitled to cross-examination. Citing *Holsworth v. Czeschin*, 632 S.W.2d 643, 645 (Tex.Civ. App.—Corpus Christi 1982, no writ), Leader argues that the trial court's award of attorney's fees may only be disturbed where the trial court has abused its discre-

tion. Where the hearing on attorney's fees was not necessary as a matter of law, Leader argues that the trial court could not have abused its discretion by refusing Northeast the right of cross-examination. *See Holsworth*, 632 S.W.2d at 645. We disagree. Once Leader proceeded with an evidentiary hearing on unliquidated damages, Northeast was entitled to participate. *Bass*, 620 S.W.2d at 849–50. We sustain Northeast's point of error ten, sever Leader's cause of action for attorney's fees, and remand Leader's cause of action for attorney's fees to the trial court for determination of the reasonable amount of attorney's fees, if any, that Leader should recover from Northeast.

The judgment of the trial court is otherwise affirmed.