**McGARVIN–MOBERLY CONSTRUCTION CO., a Wyoming corporation, Petitioner,**

v.

**Billy J. WELDEN and Josephine R. Welden, Respondents.**

**Billy J. WELDEN and Josephine R. Welden, Petitioners,**

v.

**Dan A. HUNTER, Personal Representative of the Estate of Bertha Pauline Hunter, deceased; and McGarvin–Moberly Construction Co., a Wyoming corporation, Respondents.**

Nos. 93–238, 93–242.

Supreme Court of Wyoming.

June 29, 1995.

Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, and Thomas E. Hames of Cook, Kotel & Fitch, Denver, CO, for McGarvin–Moberly Const. Co.

Terry W. Mackey, Cheyenne, and C. Bradley Smith and Steve Simonton of Simonton & Simonton, Cody, for Billy J. Welden and Josephine R. Welden.

Harold E. Meier of Lonabaugh & Riggs, Sheridan, for Dan A. Hunter.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY, and TAYLOR, JJ.

THOMAS, Justice.

Our sole concern in this case is the degree of participation in discovery and trial proceedings that should be afforded to a defendant in a personal injury case founded on negligence when default, but no judgment by default, has been entered against that defendant. After default was entered by the clerk of the trial court, the judge permitted the defendant in default to participate fully in the proceedings as they related to the damage issue. The judge did, however, foreclose that defendant from discovery relating to the issue of fault. Our analysis of the form in which the legislature has cast our comparative negligence statute leads to the conclusion that the issue of fault, as distinguished from liability, is no longer separable from the issue of damages. The two are intertwined to the extent that one cannot defend on the issue of damages without being permitted to participate with respect to the issue of fault. The defendant in default must be permitted to participate in proceedings which address the issue of relative fault because it is a significant factor in any damage award. We affirm the order of the district court permitting the participation of the defendant in default on the issue of damages, but we reverse that aspect of the court's order denying discovery relating to the issue of fault.

This court granted a Petition for Writ of Review, filed by McGarvin–Moberly Construction Company (McGarvin–Moberly), and it also granted a Petition for Writ of Review Pursuant to W.R.A.P. Rule 13, filed by Billy

* Retired July 6, 1994.

J. Welden and Josephine R. Welden (Weldens), who are plaintiffs in the case. In addition to the petitions and briefs of McGarvin–Moberly and the Weldens, the defendant who was not in default, Dan A. Hunter, personal representative of the estate of Bertha Pauline Hunter (Hunter), appeared in this court.

McGarvin–Moberly advances the question for consideration in this way:

> Where default, but no default judgment, has been entered against one defendant in a multi-defendant comparative fault case, and where that defaulted defendant has "appeared" and complied with the *Melehes v. Wilson* requirements prior to any default judgment, should the trial court allow the defaulted defendant to present evidence, and argument, as to
>
> A. plaintiffs' unliquidated damages, and
>
> B. the allocation of fault among all the parties pursuant to the Wyoming comparative negligence statute, W.S. § 1–1–109?

The Weldens state these issues:

> A. Under the Wyoming Rules of Civil Procedure, can a defendant "in default for failure to appear" cure the default and participate in discovery and at trial on damage issues, merely by filing a motion to set aside a default that is neither void nor voidable—a motion that was denied by the district court?
>
> B. After entry of a valid default, do the defaulted party's rights to participate in the litigation terminate (assuming the Court refuses to set the default aside)?

In response to the McGarvin–Moberly Petition for Writ of Review, Hunter states the issue in this way:

> The only issue presented is whether the Court erred in allowing McGarvin–Moberly to participate at all after default, and the extent of the participation, if any, whether as to fault, allocation of fault or damages.

This action arose out of a chain collision at a construction site on May 29, 1992. McGarvin–Moberly was the contractor for a project on Highway 310 between Greybull and Lovell. Three or four cars were stopped at the construction site when the Hunter vehicle approached the stopped cars from the rear. The Weldens were in a car at the front or near the front of the line and Mrs. Hunter failed to stop her car. It collided with the last car in the line causing a chain reaction so that the car behind the Weldens rear-ended their vehicle.

In their complaint, the Weldens alleged negligence on the part of Mrs. Hunter, who was driving the Hunter vehicle, and McGarvin–Moberly. They claimed the negligence of these defendants was the direct and proximate cause of their injuries and damages. McGarvin–Moberly failed to file an answer to the complaint within the twenty days provided in Wyo.R.Civ.P. 12. On the thirty-third day, the clerk of the district court entered default against McGarvin–Moberly for failure to answer in accordance with Wyo.R.Civ.P. 55(a). On the same day the Weldens moved for entry of a default in accordance with Wyo.R.Civ.P. 55(b)(2).[1]

---

1. Wyo.R.Civ P. 55 (emphasis added) provides, in pertinent part, as follows:

    (a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

    (b) *Judgment.*—Judgment by default may be entered as follows:

    (1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain, or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defen-

    dant has been defaulted for failure to appear and is not a minor or an incompetent person;

    (2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor; * * * **If the party against whom a judgment by default is sought has appeared in the action the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evi-**

Sixteen days later, McGarvin–Moberly filed an entry of appearance with a motion to set aside the entry of default. McGarvin–Moberly filed its answer to the complaint the same day. After a hearing on the McGarvin–Moberly motion to set aside the entry of default, at which Weldens and McGarvin–Moberly appeared, the trial court issued a decision letter in which it found culpable conduct on the part of McGarvin–Moberly's insurance agent. An order then was entered reflecting the findings of the decision letter, which denied the McGarvin–Moberly motion to set aside the entry of default. McGarvin–Moberly attempted to seek relief from the court's order by a petition for writ of review filed in this court, but that writ of review was denied.

The Weldens then filed a Written Objection to Any Further Appearance in This Action by Defaulting Defendant McGarvin–Moberly and, later, filed a motion to bar further participation in the case by McGarvin–Moberly. The court held a hearing on that motion and ruled McGarvin–Moberly would be allowed "to participate fully in the discovery process and on issues concerning proximate cause and damages, and to participate in the jury trial on those same issues." The Weldens then asked the trial court to reconsider and vacate its ruling and, following additional arguments, the trial court issued a decision letter in which it stated McGarvin–Moberly could participate in the discovery process at trial concerning the issue of damages only. Hunter then requested the trial court to clarify the ruling from the bench as incorporated in its decision letter. The court conducted a telephone conference and entered an Order on Defendant McGarvin–Moberly's Further Participation, which provided:

> NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion to Bar Defendant McGarvin–Moberly from further participating in this case is hereby DENIED to the extent that Defendant McGarvin–Moberly shall be permitted to participate in the discovery process and at trial solely on the issue of Plaintiff's damages.
>
> IT IS FURTHER HEREBY ORDERED that the default entered against Defendant McGarvin–Moberly established McGarvin–Moberly's liability to each of the Plaintiffs.
>
> IT IS FURTHER HEREBY ORDERED that Plaintiffs' Motion to Bar Participation and To Strike is GRANTED to the extent that Defendant McGarvin–Moberly shall be prohibited from participation in the discovery process and at trial (or in the absence of trial at the W.R.C.P. Rule 55 damages hearing) on issues of said Defendant's liability to Plaintiffs, proximate cause, allocation of fault and apportionment of damages.

Following Petitions for Writ of Review in this court, we consolidated those and granted them.

■ As the trial court correctly discerned, there is a difference between an entry of default under Wyo.R.Civ.P. 55(a) as compared to a default judgment under Wyo.R.Civ.P. 55(b). A defendant who is in default still may contest the issue of unliquidated damages. In *Vanasse v. Ramsay*, 847 P.2d 993, 996–97 (Wyo.1993) (quoting *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo.1989) (emphasis added)), we spoke to the distinction between default and a default judgment:

> The distinction between an entry of default and a default judgment must here be recognized. Entry of default is normally a clerical act which may be performed by the clerk of court, and it does not constitute a judgment. **The entry of default generally forecloses the party found to be in default from making any further de-**

dence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

(c) *Setting aside default.*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

(d) *Plaintiffs; counterclaimants; cross-claimants.*—The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

fense or assertion with respect to liability or an asserted claim. Although the entry of default generally establishes the fact of liability according to the complaint, it does not establish either the amount or the degree of relief.

The default judgment, on the other hand, in addition to the fact of liability, defines the amount of liability or the nature of the relief. This is generally done separately from the entry of default. **Only in those situations where the damages sought are liquidated and claimed in the complaint may the court grant relief without further proceedings.**

In *Vanasse,* 847 P.2d at 1000, we also articulated the purpose to be served by a default judgment:

We note that:

[T]he default judgment must normally be viewed as available **only when the adversary process has been halted because of an essentially unresponsive party.** In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, *the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy.* (Emphasis added.)

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C. 1970). *See also, Chandler Leasing Corp. v. UCC, Inc.,* 91 F.R.D. 81, 83 (1981); *United Bank of Kuwait PLC v. Enventure Energy,* 755 F.Supp. 1195, 1205 (S.D.N.Y. 1989). Default judgments provide a deterrent to delay in judicial proceedings. *Byrd v. Keene Corp.,* 104 F.R.D. 10, 11 (1984). We agree with the view of the Tenth Circuit, which stated:

[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444–45 (10th Cir.1983) (citations omitted).

The provision in the rules for default judgment encourages diligence on the part of the parties and encourages them to hear and argue the case on the merits. We prefer decisions on the merits when the rules justify avoiding default. *Claassen v. Nord,* 756 P.2d 189 (Wyo.1988).

The application of Wyo.R.Civ.P. 55 becomes complex and difficult in a situation such as this where we find multiple defendants in a negligence action, only one of whom is in default. The Weldens and Hunter contend the entry of default has the same effect on a defendant in default as would the failure of the plaintiff to meet an applicable statute of limitations. They contend the right of the party in default to participate must be terminated, and the only remedy which would justify further participation by the defendant in default in the case is through a motion to set aside the default. They argue, after this court denied McGarvin–Moberly's Petition for Writ of Review seeking to reverse the ruling of the district court on its motion to set aside the default, it had no remaining right to defend in the case. McGarvin–Moberly asserts the other parties fail to perceive the distinction between a "default" and a "default judgment," and reliance upon "default judgment" cases is inappropriate to explain the effect and scope of a "default."

■ We have noted the appearance of McGarvin–Moberly and its attempt to have the entry of default set aside. Wyo.R.Civ.P. 55(b)(2) justifies the ruling by the trial court permitting McGarvin–Moberly to defend on the issue of damages, and it is clear the ruling of the district court was correct. In *Vanasse,* 847 P.2d at 997, we said the "default judgment, on the other hand, in addition to the fact of liability, defines the amount of liability or the nature of relief." Even though McGarvin–Moberly has been adjudged liable by virtue of the entry of default, the damage aspect of the case has not been resolved, and the jury will determine the nature of relief, the amount of

damages, and the percentage of fault attributable to Weldens, Hunter and McGarvin–Moberly.

McGarvin–Moberly's situation is distinguishable from those cases in which no appearance occurred until after the entry of the default judgment. Weldens and Hunter rely upon *Vanasse; Melehes v. Wilson,* 774 P.2d 573 (Wyo.1989); *Midway Oil Corp. v. Guess,* 714 P.2d 339 (Wyo.1986); *Hochhalter v. Great W. Enterprises, Inc.,* 708 P.2d 666 (Wyo.1985); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* 664 P.2d 121 (Wyo.1983); and *Booth v. Magee Carpet Co.,* 548 P.2d 1252 (Wyo.1976). In each case, the appearance occurred after the default judgment. While appearance after entry of default, but before default judgment, does not save a defendant from being in default, that defendant is entitled to three days written notice of an application to the court by the plaintiffs for entry of judgment based on default. WYO.R.CIV.P. 55(b)(2).

The United States Court of Appeals for the Eighth Circuit said the notice requirement enables the defendant in default to appear at the subsequent hearing or trial on the question of damages and to protest the amount to be assessed against him. *Peitzman v. City of Illmo,* 141 F.2d 956 (C.C.A. 8th Cir.1944), *cert. denied,* 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, *reh'g denied,* 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647 (1944). A Michigan court stated the proposition in this way:

> If a defaulted party has a mandatory constitutional right to be notified of the proceeding, he must have a corresponding right to be heard at the proceeding. To interpret the section otherwise would be to make the notice requirement a mockery.

*Am. Central Corp. v. Stevens Van Lines, Inc.,* 103 Mich.App. 507, 303 N.W.2d 234, 236–237 (1981).

A number of other courts have arrived at the same determination holding that, in the assessment of damages following entry of default, a defaulting defendant has the right to participate in the proceedings and introduce affirmative evidence on its own behalf in mitigation of damages. *J & P Constr. Co. v. Valta Constr. Co.,* 452 So.2d 857 (Ala.1984);

*Dungan v. Superior Court in and for Pinal County,* 20 Ariz.App. 289, 512 P.2d 52 (1973); *Kohlenberger, Inc. v. Tyson's Foods, Inc.,* 256 Ark. 584, 510 S.W.2d 555 (1974); *Harbour Tower Dev. Corp. v. Seaboard Equip. Co.,* 179 So.2d 405 (Fla.Ct.App.1965); *Pittman v. Colbert,* 120 Ga. 341, 47 S.E. 948 (1904); *Stewart v. Hicks,* 182 Ind.App. 308, 395 N.E.2d 308 (1979); *Greer v. Ludwick,* 100 Ill.App.2d 27, 241 N.E.2d 4 (1968); *Howard v. Fountain,* 749 S.W.2d 690 (Ky.Ct.App. 1988); *Bissanti Design/Build Group v. McClay,* 32 Mass.App.Ct. 469, 590 N.E.2d 1169 (1992); *Lindsey v. Drs. Keenan, Andrews & Allred,* 118 Mont. 312, 165 P.2d 804 (1946); *Evans v. Bowlin,* 9 Mo. 406 (1945); *Gallegos v. Franklin,* 89 N.M. 118, 547 P.2d 1160, *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976); *Napolitano v. Branks,* 128 A.D.2d 686, 513 N.Y.S.2d 185 (1987); *St. Louis & San Francisco R.R. Co. v. Zumwalt,* 31 Okla. 159, 120 P. 640 (1912); *Bashforth v. Zampini,* 576 A.2d 1197 (R.I.1990); *Adkisson v. Huffman,* 225 Tenn. 362, 469 S.W.2d 368 (1971); *Northeast Wholesale Lumber, Inc. v. Leader Lumber, Inc.,* 785 S.W.2d 402 (Tex. Ct.App.1989); *Synergetics By and Through Lancer Indus., Inc. v. Marathon Ranching Co.,* 701 P.2d 1106 (Utah 1985); *Midwest Developers v. Goma Corp.,* 121 Wis.2d 632, 360 N.W.2d 554 (Ct.App.1984).

■ In the context of this body of law, we must account for the effect of our statutory provisions relative to contributory negligence. The statute provides, in pertinent part:

> (a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total fault. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

> (b) The court may, and when requested by any party shall:

> (i) If a jury trial:

**(A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party;** and

**(B) Inform** the jury of the consequences of its determination of the percentage of fault.

\*     \*     \*     \*     \*     \*

(c) The court shall reduce the amount of damages determined under subsection (b) of this section in proportion to the amount of fault attributed to the person recovering and **enter judgment against each defendant in the amount determined under subsection (d) of this section.**

**(d) Each defendant is liable only for that proportion of the total dollar amount determined as damages under paragraph (b)(i) or (ii) of this section in the percentage of the amount of fault attributed to him under paragraph (b)(i) or (ii) of this section.**

Wyo.Stat. § 1–1–109 (1988) (emphasis added).[2]

The identifiable damage factors under this statute are: (1) the total amount of damages and (2) the percentage of fault attributable to each actor. The formula requires the court to reduce the amount of damages in proportion to the amount of fault attributed to the person recovering and then to apportion those damages in its judgment with respect to the amount of fault attributed to each defendant. While our pertinent authorities antedate significant adjustments to the statutory formula, this clearly is a jury function. *Tate v. Mountain States Tel. & Tel. Co.,* 647 P.2d 58 (Wyo.1982); *Bd. of County Comm'rs of Campbell County v. Ridenour,* 623 P.2d 1174, *reh'g denied,* 627 P.2d 163 (Wyo.1981).

Both the Weldens and Hunter espouse a rule that, in effect, would deprive McGarvin–Moberly of the statutory formula and result in liability on the part of McGarvin–Moberly for the entire amount of damages the Weldens might establish. While the approach of

the adverse parties is understandable, we cannot recognize such a rule.

The United States District Court for the Eastern District of New York has spoken to this problem in the context of unliquidated damages in this way:

While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof where (as here) the amount is not liquidated and is not susceptible of mathematical computation. The defendant may appear and offer proof regarding the amount of damages.

\*     \*     \*     \*     \*     \*

We believe that any rationale strong enough to justify allowing a defendant who has defaulted to appear and offer proof with respect to the amount of damages would equally justify allowing such defendant discovery with respect to the amount of damages. There would be little point in allowing a defendant to contest the amount of damages if the defendant is not permitted adequately to prepare for the hearing on damages. We therefore hold that Rule 26(b)(1) authorizes a defendant who has defaulted to conduct discovery regarding the amount of unliquidated damages in preparation for an inquest on damages under Rule 55(b)(2).

*Clague v. Bednarski,* 105 F.R.D. 552, 553 (E.D.N.Y.1985) (citations omitted).

More than 100 years ago, the Supreme Court of the United States offered this wisdom:

[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike— the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. [Where the charge is joint fraud.] But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

---

**2.** Wyo.Stat. § 1–1–109 was superseded in 1994 by an amendment that substantially changed the format of the statute, but the amendment does

not affect the result of this case. The application of the formula is the same under either version of the statute.

*Frow v. De La Vega,* 82 U.S. 552, 554, 15 Wall. 552, 21 L.Ed. 60 (U.S.Tex.1872).

The Supreme Court of the United States noted the absurdity of conflicting rulings resulting in a holding of no fraud by anyone and a holding that the defaulting defendant was guilty of fraud. We perceive a parallel absurdity under our comparative negligence statute in which the jury potentially could find more than fifty percent fault on the part of a plaintiff and, yet, the ruling would be that a defaulting defendant is responsible for all of the damages.

The interests of Hunter and McGarvin–Moberly are disparate as they relate to the percentage of fault, but that is the second factor with respect to individual responsibility, the first being the amount. In order to defend the question of damages, McGarvin–Moberly must be able to defend on the question of the percentage of fault attributable to each actor. The right to defend under our modern rules would be hollow absent the right of participation and discovery.

■ The sanction attached to the ruling relating to the default of McGarvin–Moberly is not insignificant. That ruling forecloses a cross-claim by McGarvin–Moberly against Hunter; a third-party complaint by McGarvin–Moberly against S & L Industrial (a subcontractor on the project); and prevents McGarvin–Moberly from arguing it was not liable because it was not guilty of negligence. The Weldens do not have to prove duty or breach of duty with respect to McGarvin–Moberly, and the jury will be instructed it should answer "yes" to the question "did McGarvin–Moberly's negligence constitute a proximate cause of the damages and injuries to the Weldens?"

We uphold the ruling of the district court that McGarvin–Moberly is entitled to appear and defend the question of damages. Because, by our comparative negligence statute, the question of fault is inextricably intertwined with the amount of damages that may be awarded against any defendant, we perceive the trial court's initial ruling that McGarvin–Moberly could "participate fully in the discovery process and on issues concerning proximate cause and damages * * *" was the correct ruling. We affirm the order of the trial court from which these petitions for review were sought except for that aspect of the order denying McGarvin–Moberly discovery regarding fault.

The order of the district court is reversed in part, and the case is remanded for further proceedings in accordance with this opinion.

CARDINE, Justice, Retired, dissenting.

The majority of the court holds that a defendant need not answer plaintiff's complaint in a negligence case and no detriment results from entry of default if one other defendant has answered. The holding is contrary to law, reason, and long-established practice, and I must dissent.

A multi-vehicle accident occurred May 29, 1992, on U.S. Highway 310. McGarvin was the main contractor on a road construction project. Construction safety and signs responsibility at the site had been subcontracted to S & L Industrial.

Welden was the lead car in a group of three that approached the work site and stopped as directed by the flag girl. A fourth car, driven by Bertha Hunter, did not stop and rammed the car in front of her. A chain-reaction accident occurred as each car successively slammed into the one in front.

The Weldens, on January 20, 1993, filed a negligence action against McGarvin and Mrs. Hunter's estate (she died of unrelated causes after the accident). Weldens alleged neck and back injuries. McGarvin's answer was due on February 18. McGarvin neglected to answer timely, and on March 3 the clerk of court entered default against McGarvin. On March 19, McGarvin filed a motion to set aside the entry of default. The motion was denied. McGarvin filed a petition for review challenging that decision, and this court denied the petition.

The district court entered an order on October 26, 1993, prohibiting McGarvin from participation in the discovery process and at trial on issues of liability, proximate cause, and allocation of fault, but allowed McGarvin to defend upon the issue of damages.

McGarvin's petition for review challenges the order of prohibition.

The court in its opinion states as follows: Our analysis of *the form in which the legislature has cast our comparative negligence statute leads to the conclusion that* the issue of *fault, as distinguished from liability, is no longer separable from* the issue of *damages. The two are intertwined* to the extent that one cannot defend on the issue of damages without being permitted to participate with respect to the issue of fault. The defendant in default must be permitted to participate in proceedings which address the issue of relative fault because it is a significant factor in any damage award.

Maj. op. at 1 (emphasis added). The conclusion is unsupported by authority and is simply incorrect. The premise of the court's opinion is twofold:

(a) that fault is distinguished (different) from liability, and

(b) that our comparative negligence statute does not permit trial of fault separate from damages.

Contrary to premise (a), the term fault cannot be distinguished from liability but is included within the term liability. Thus, a party at fault in a personal injury case is liable for the damages caused.

The word *liability* includes fault. It is a broad legal term referred to as "of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent, or likely." It includes "any kind of debt or liability, either absolute or contingent, express or implied," "every kind of legal obligation, responsibility, or duty." *Black's Law Dictionary* (6th ed. 1990). The word *fault* is defined as "[n]egligence; an error or defect of judgment or of conduct." *Id.* Negligence which proximately causes damage is fault and is a legal obligation to pay for such damage. The legal obligation to pay is, by definition, liability. Liability is a broad term that includes fault. Fault, a narrow term describing an obligation arising out of negligence, is included within liability and, in the context of a personal injury claim (this case), is not distinguishable at all.

Again, contrary to the court's asserted premise in paragraph (b) above, the legislature has not cast our comparative negligence statute in a form that fault and damages are no longer separable, but rather, in the clearest terms, keeps fault separable from damages. Thus, W.S. 1–1–109(b) (1988) provides for the use of separate special verdicts for the determination of: (a) the total amount of *damages and* (b) the percentage of *fault,* stating as follows:

(b) The court may, and when requested by any party shall:

(i) If a jury trial:

(A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party[.]

The statute requires that the court *shall,* when requested by a party, find separate special verdicts. In this case the plaintiff is not only requesting but demanding separate verdicts to allow McGarvin to defend damages only. Fault and liability, as those terms apply to a tort, personal injury action and are used in our comparative negligence statute, are synonymous. Our comparative negligence statute does not see fault and damages as inseparably intertwined, but intends that the court and jury keep fault and damages totally separate and never intertwined.

The recommended verdict form in our Wyoming Pattern Jury Instructions, drafted to meet the provisions of the statute and conform to the practice in every Wyoming district court, is as follows:

### VERDICT

We, the jury, present the following answers to the questions submitted by the court:

1. Considering all of the fault at one hundred percent, what percentage of the total fault is attributable to each of the following persons?

\_\_\_\_\_ (Plaintiff) . . . . .(0% to 100%) \_\_\_\_\_
\_\_\_\_\_ (Defendant) . . .(0% to 100%) \_\_\_\_\_
\_\_\_\_\_ (Defendant) . . .(0% to 100%) \_\_\_\_\_
[Add spaces for codefendants and actors.]

Total    100%

2. *Without considering the percentage of fault* found in question one, what total amount of damages do you find was sustained by

_____ (Plaintiff) ...............$_____

Wyoming Pattern Jury Instructions (1993 Rev.) wherein the committee expressed "thanks to Judge Rogers and Judge Lehman for their thoughts and comments on certain instructions."

W.S. 1–1–109 was amended in 1994, again demonstrating legislative intent to maintain the separate nature of fault and damages by first defining fault as creating a liability arising out of negligence and proximate cause, as follows:

> "Fault" includes acts or omissions, determined to be a proximate cause of death or injury to person or property, that are in any measure negligent * * *

and then by providing that the jury

> determine the total amount of damages sustained by the claimant *without regard to the percentage of fault* attributed to the claimant, and the percentage of fault attributable to each actor[.]

The plain meaning—the only meaning that can be derived from the above statutes and its predecessor—is that *fault* and *damages* are separable; that they are not inextricably intertwined; that they are separable, separate, and must be kept separate by the court and jury.

In *Vanasse v. Ramsay,* 847 P.2d 993, 996–97 (Wyo.1993) (*quoting Spitzer v. Spitzer,* 777 P.2d 587, 592 (Wyo.1989)), we said that entry of default "forecloses the party found to be in default from making any further defense or assertion with respect to liability" but left open for contest the amount of damages, if any, incurred. By definition, and as our legislature has stated, negligence that is the proximate cause of an accident equals fault, and fault is included in the broad term liability. In this case default was entered in accordance with W.R.C.P. 55. Fault is included within the term liability, but the defaulting party here is allowed to defend the liability (fault) issue contrary to *Vanasse.* If this court is going to overturn *Vanasse,* it

should so state in clear and unequivocal language.

No case has been found that directly deals with the question here presented. Perhaps that would indicate that no one has heretofore even seriously suggested that any court would allow a defendant in default to defend fault contrary to the language of decided cases (*see* the string citation on page 7 of the majority opinion).

I would affirm the order of the trial judge prohibiting the defendant in default from defending the issue of fault-liability, but permitting full defense of the issue of damages, if any. The defaulting defendant would appear on the verdict form much in the same posture as a non-party. Other defendants not in default could argue liability and might claim that the defaulting defendant was liable for the total damage. That is the detriment resulting from default. It is better than what would occur if McGarvin as the only defendant were 100 percent liable for the total damage of plaintiff. In this scenario, defendant McGarvin will probably pay less than all of plaintiff's damages, and perhaps nothing. That is a real advantage to a defaulting defendant in a multi-party case and enough of a benefit in this kind of case. In the above suggested disposition, W.R.C.P. 55 and W.S. 1–1–109 may be read together and harmonized so as to endow both with a full measure of meaning in these circumstances.

The construction of our Rule 55 and § 1–1–109 fashioned by the majority obliterates the usual, reasonable and understood effect of default and allows McGarvin–Moberly to gain a defensive posture as favorable as though default had never occurred. I agree that McGarvin–Moberly must be permitted to defend on the issue of damages. I do not agree that it should be allowed to defend the issue of fault after default.

Accordingly, I dissent and would dismiss the writs of review as improvidently granted.