Richard Adkisson, Petitioner-Defendant,

*v.*

Earl Huffman, Administrator of R. B. Huffman,
Deceased, Respondent-Plaintiff.

469 S.W.2d 368

(*Jackson,* April Term, 1971.)

Opinion filed June 7, 1971.

Van Dyke & Dunlap, Paris, for petitioner.

Brown & Guinn, Paris, for respondent.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This case comes to us by the granting of the writ of certiorari to the Western Section of the Court of Appeals. After hearing argument and considering the matters, we are pleased to adopt the opinion of the Court

of Appeals as the opinion of this Court. The Court of Appeals opinion is as follows:

The plaintiff below, Earl Huffman, Administrator of R. B. Huffman, deceased, has appealed from a judgment of the Circuit Court of Henry County awarding him only $625.00 damages for the death of his decedent, R. B. Huffman. The case was tried to a jury upon a writ of inquiry of damages after default judgment had been entered against the defendant, Richard Adkisson, in favor of the plaintiff as provided by T.C.A. sec. 25-108.

His Honor the Trial Judge had overruled a motion by defendant's attorney to set aside the default judgment but he did permit the filing of pleas of not guilty and contributory negligence to the plaintiff's declaration. He permitted the defendant to testify that the decedent, R. B. Huffman, was drinking shortly before the accident and that decedent walked across the highway in front of the defendant Adkisson's automobile and was struck and killed.

He did not charge the jury that the defendant, because of the default judgment, was guilty of proximate negligence as a matter of law. However, he did charge the jury that the plaintiff was entitled to damages and that they had three alternatives: (1) they could award the plaintiff normal compensatory damages; (2) they could mitigate normal compensatory damages in proportion to the amount of contributory negligence of which they found the plaintiff's decedent guilty; and (3) they could award the plaintiff only nominal damages.

The decedent was 44 years of age at the time of his death, in good health, earning an average of $50.00 per week. He had been separated from his wife for four or

five years and had a son who lived with his mother in the State of Michigan. He had a life expectancy of 24 years.

By appropriate assignments of error the appellant, Earl Huffman, Administrator, insists that His Honor the Trial Judge was in error in allowing the defendant to plead and argue contributory negligence on the part of decedent after the default judgment; was in error in allowing the defendant to argue to the jury both proximate and remote contributory negligence on the part of the deceased; and was in error in charging the jury with regard to remote contributory negligence on the part of the deceased.

Plaintiff's declaration averred that the negligence, recklessness, and carelessness of the defendant, Richard Adkisson, in the operation of his automobile was the sole and proximate cause of the plain, suffering, and ultimate death of R. B. Huffman; that the defendant, prior to striking said R. B. Huffman, saw or, by the exercise of ordinary care, could have seen R. B. Huffman at or near the scene of the accident in a position of being struck by defendant's automobile; and that the defendant, by the exercise of ordinary care, could have avoided striking the deceased. Count II of the declaration charged the violation of T.C.A. secs. 59-858, 59-853 and 59-836 relating to reckless driving, excessive speed, requiring drivers to exercise due care and to avoid striking a pedestrian along the highway, and sounding the horn when necessary.

The deceased was killed August 8, 1966. Suit was filed on August 7, 1967, and personal service was had on the defendant on August 15, 1967. The declaration was filed January 29, 1968. Default judgment was taken against

the defendant on March 6, 1969. In April, 1969, the defendant hired a lawyer who filed a petition to set aside the default judgment.

At the May, 1969 Term the trial court overruled the petition to set aside the default judgment but allowed pleas to be filed to the declaration. The defendant pleaded not guilty to the allegations of the declaration and also pleaded proximate contributory negligence on the part of the deceased in bar of the plaintiff's claim for damages.

Upon the trial to determine the plaintiff's damages, plaintiff introduced no evidence concerning the manner in which the accident occurred but only proof as to the age of the deceased, family, health, and work habits; the qualification of the plaintiff administrator and the names of his survivors, namely his wife and child, entitled to receive an award for the decedent's alleged unlawful death.

The defendant, over the objection of the plaintiff, testified that he was on the way from Paris, Tennessee, to Trezevant to see his father and the deceased, R. B. Huffman, asked for permission to ride out to ''Skyway Grill.'' The defendant stopped the car at Skyway Grill and the deceased got out. The defendant agreed to pick decedent up on his way back home. Defendant said at that time he could smell alcohol on the deceased but he would not say how much he had been drinking. The defendant further testified that after he visited in Trezevant with his father and stepmother he started back home and stopped at the Skyway Grill to pick up the deceased and found that he had already left; that as he, the defendant, had almost reached defendant's home the deceased, R. B.

Huffman came running across the road from defendant's left in front of defendant's automobile and that the defendant swerved to his left to try to avoid hitting the deceased but the right front fender struck the deceased; that the reason he did not apply his brakes he figured he would skid right into the deceased. It was dark at the time of the accident and the defendant's lights were on his automobile and the deceased was already on the road when the defendant first saw him. Decedent had on dark clothes. The plaintiff did not offer any proof to contradict the testimony of the defendant but insisted that the defendant's testimony relating to the manner in which the accident occurred was inadmissible and incompetent. The objection was overruled by the trial judge.

T.C.A. sec. 25-108 provides as follows:

If the defendant fail to appear and defend at the time prescribed by law, judgment by default may be taken against him. In such case, the judgment is final if the amount of the plaintiff's claim can be ascertained by simple calculation from the papers; when the amount cannot be thus readily ascertained, the damages will be assessed by a jury impaneled at the same term for the purpose.

In the case of *Union Bank v. Hicks, Ewing & Co.*, 23 Tenn. 327 (1843), the plaintiff Hicks, Ewing & Co. brought suit against the Union Bank for failure of the Bank to make demand for payment of certain notes and for failure to give notice to the endorsers on the notes that the maker had failed to pay the notes at maturity. The Bank suffered judgment to go by default. A jury was impaneled to inquire of the plaintiff's damages. Upon the trial for damages, the Bank sought to prove that the endorsement on one of the notes given to the Bank for

collection was a forgery. The trial judge held that this evidence was incompetent and that the judgment by default was an admission of the endorsement as described in the declaration. From the opinion of the Supreme Court we quote as follows:

It is laid down in all the books on practice, and is unquestionable, that a judgment by default is an admission of the cause of action. Tidd's Pr. 580; Bing. on Judg. 17. As a necessary consequence, upon an inquiry of damages, evidence showing that no cause of action existed is inadmissible. Now, what is the cause of action stated in this declaration? Does it consist only in the allegation that the defendant neglected to make the demand, and notify the parties whose names were upon the paper? Certainly not. The declaration alleges that the notes were executed by A. Dale & Co., and were endorsed by R. F. Knott & Co. The facts of the endorsement of the notes, and of the negligence, by reason of which the defendants failed to fix the liability of the endorsers, constitute the cause of action. If the notes were not endorsed, there could be no cause of action. For all the bank was called upon to do was to take the steps necessary to fix the liability of the endorsers, and if the endorsements were forgeries, the bank could have given that in evidence under the general issue, and the action would have been defeated; the facts, therefore, that these notes were executed, were endorsed as described, were placed in the bank for collection, and that it failed to make demand and give notice to the parties, are all necessary ingredients and indispensable parts of the cause of action as stated in this declaration.

We are of the opinion, therefore, that the circuit court committed no error in stating that the judgment by default was an admission of the validity of the endorsement.

In the case of *Turner v. Carter and Pulliam,* 38 Tenn. 520 (1858), the plaintiff sued the defendant for damages for breach of contract. The declaration was filed at the November Term 1857. On the same day the declaration was filed the defendant filed an informal plea in abatement alleging the pendency of another action between the same parties involving the same matters set forth in the plaintiff's declaration. The plaintiff demurred and the trial court sustained the demurrer. The defendant filed a motion to plead over to the merits along with a strong affidavit showing, if true, a meritorious defense to the plaintiff's action. The trial court refused to permit the defendant to plead over presumably because of some default of defendant to make defense under an order which the court had made requiring a trial at the March, 1857 term. The Supreme Court held that the defendant was entitled to plead to the declaration after the plaintiff's demurrer was sustained because the November 1857 term was, in fact, the appearance term. However, for an additional reason the Supreme Court said that the trial court was in error even if it considered the defendant was in default, ''The judgment on the demurrer was interlocutory, the damages being unliquidated and a writ of inquiry was awarded to ascertain the amount which the plaintiffs were entitled to recover. This came on to be executed at a subsequent term.'' Upon the writ of inquiry the plaintiff offered testimony showing the damages he sustained by the defendant's nonperformance of the contract and the jury set this amount

at $1,452.00 and final judgment was rendered thereon. Defendant offered witnesses to establish that the plaintiffs had not sustained any damages and were entitled to no recovery but the trial court refused to permit the defendant to offer any evidence.

Before proceeding to empanel the jury, the court was moved to set aside the judgment and allow the defendant to plead, on grounds disclosed by affidavit, but the motion was refused.

In the aspect in which this case is presented we do not think it proper to enter into discussion of the question, whether, upon the assumption that the facts offered to be proven by the defendant are true, the plaintiffs have any just ground of recovery. That inquiry must be postponed until the defendant shall have had the opportunity of presenting his proof in such a form as that its proper force and effect can be legitimately considered of and determined.

All that we propose at present, as to this part of the case, is to determine whether the defendant, on the inquisition of damages, has a right to be heard, or to offer evidence for any purpose. And we hold it to be clear that he had, to a limited extent.

The legal effect of the interlocutory judgment, which, for the present purpose, may be supposed to have been properly entered, was simply to establish the plaintiffs' naked right to maintain their action, and consequently, to recover some damages, though they might be merely nominal. But the quantum of damages remained an open one, to be ascertained by proof; and upon this question both parties had an equal right to be heard. The defendant was no further compromitted

by the judgment by default, than to preclude him from denying the plaintiff's right to nominal damages. But, subject to this qualification, he had the right to show, if in his power, that the plaintiffs had no legal claim to damages; and, if successful in the attempt, the plaintiffs would have been entitled to nothing more than merely nominal damages.

In simple justice to the defendant, whose rights have been so entirely ignored in these proceedings, we feel constrained to reverse and set aside both the inter-locutory and final judgments, and to remand the cause, with liberty to the defendant to plead to the merits of the action, in such manner as may be thought necessary for his defense. Judgment reversed.

In *Warren v. Kennedy*, 48 Tenn. 437 (1870), the plaintiff brought suit for damages for conversion of a mare, seven mules, and a bridle. Judgment by default was entered against the defendant and upon writ of inquiry the jury found for the plaintiff but assessed his damages at only five cents. Plaintiff had proven the livestock to be worth $500.00. The defendant, at the writ of inquiry, did not offer any proof but defended solely upon the ground that there was no evidence that he was present at the taking of the property or had anything to do with the taking of the property. The plaintiff's counsel asked the trial judge to charge the jury that the judgment by default admitted the plaintiff's right of action and that the plaintiff was entitled to recover the full amount of damages shown by the evidence. The trial judge refused to give such charge but in effect charged the jury that it was the exclusive judge of the amount of damages that could be allowed from the proof and that it could allow any amount from one cent to the full amount claimed in

the declaration. The Supreme Court differentiated the case of *Turner v. Carter and Pulliam,* supra, and cited *Union Bank v Hicks, Ewing & Co.,* supra, with approval. From the opinion of the Supreme Court we copy as follows:

* * * And we hold that, where there is a failure to plead, and a judgment by default at law, the effect of the judgment is the same as that of a judgment pro confesso in equity, which admits the allegations in the bill. See Code, 4371; *Stone v. Duncan,* 1 Head, [103] 104; *Jackson v. Honeycut,* 1 Cooper's Overton, 30-31; *Douglas[s] v. Evans & Wheaton,* Ibid, 82-83, and Meigs' Reports, 358. In the case under consideration, the defendant, in suffering judgment by default, admitted that he had wrongfully taken the property, and there was no necessity to prove that fact before the jury. The only proof that was incumbent on the plaintiff to make, was as to the value of the property thus admitted to have been wrongfully taken; and his Honor erred, in not instructing the jury, as requested, to assess the plaintiff's damages at the value ascertained by the proof.

In *Grace v. Curley,* 3 Tenn.App. 1 (1926), the plaintiff, Mrs. Grace, brought suit for damages for personal injuries sustained as a result of a collision with the defendant's automobile. No pleas were filed to the declaration and judgment by default was entered. Later, an application to set aside the default judgment was overruled. A jury was impaneled to assess plaintiff's damages and proof was submitted by both parties, plaintiff and defendant. Plaintiff appealed because of the inadequacy of the verdicts. They alleged certain errors by the trial court in charges relating to plaintiff's injuries and other

alleged error by the trial court in preventing one of the plaintiffs from continuing as attorney for his wife in the other case. None of the assignments of error related to alleged contributory negligence either proximate or remote on the part of the plaintiff. However, from the opinion of Judge Crownover we quote as follows:

As judgments by default were entered, the complaints are now directed to a review of the assessment of damages. A judgment by default is an admission of the truth of the cause of action and of the several averments of facts in the declaration, and of the fair inferences and conclusions of fact to be drawn from the averments. It establishes the plaintiffs' right to maintain the actions and to recover some damages. It has the same effect, in law cases, as a judgment pro confesso in equity, which admits the allegations of facts in the bill. A final judgment may be immediately entered when the amount is ascertainable by simple calculation from the papers, but in other cases, where the amount is not liquidated, the judgment is interlocutory, and the damages must be ascertained by a jury upon proof. Upon this question both sides have an equal right to be heard, but the proof must conform to the averments of the declaration, as in other cases. See Shannon's New Code, Sec. 4678, Note 9, and Sec. 4679; Caruthers' History of Law Suits (5 Ed.), 147-8; 180-1; *Turner v. Carter,* 1 Head, 520, 34 C.J. 173-177. "The legal effect of the judgment by default was simply to establish the right of the defendant in error to maintain his action, and consequently to recover some damages. But the plaintiff in error was no further compromitted by the judgment by default than to preclude him from denying the right of the defendant in

error to nominal damages. Subject to this qualification, he had the right to show that the defendant in error had no legal claim to damages, and if successful in this, the defendant would have been entitled to nothing but nominal damages." See [*Memphis & O.*] *Railroad v. Dowd,* 9 Heisk, [179] 185; Shannon's Code 4678, Note 9.

Hence, after default, the burden of proof to show damages, other than nominal damages is on the plaintiff; and proof, both in aggravation and mitigation of damages, is open to consideration by the jury in assessing the damages, the same as in other cases. See 17 C.J. 1049, Sec. 353-4.

In the case of *Boyd v. Merchants Delivery Company and Clarkson,* 7 Tenn.App. 416 (1928), the plaintiff, Boyd, brought suit for damages for personal injuries against the defendants, T. A. Clarkson and Merchants Delivery Company. Default judgment was entered against both defendants and a writ of inquiry of the damages was ordered. Upon the trial to assess damages, the defendants were denied permission to file pleas of accord and satisfaction and res adjudicata but the Court permitted the defendants to read into evidence the record of a trial held several years prior thereto between the same parties in which the plaintiff, Carl Boyd, then a minor recovered judgment in the same court for personal injuries arising out of the same accident in the amount of $150.00 against defendant Clarkson, which judgment had been paid. At the time of the first suit Boyd was a minor and the second suit was brought within a short time after he reached his majority. The trial court thereupon held that the evidence of the prior suit was res adjudicata and precluded the plaintiff Boyd recovering

any damages in the present suit and instructed the jury that the plaintiff's present suit was being dismissed. The plaintiff appealed and the Court of Appeals, Faw, P. J., held that the record of the earlier judgment was competent evidence to go to the jury by way of reduction of damages. The lower court was reversed and the cause remanded for an assessment of the plaintiff's damages. Judge Faw quoted with approval from 17 C.J., pages 1049, 1050 as follows:

On this subject, in 17 Corpus Juris, pp. 1049-1050, it is said:

"As the default admits a cause of action, proof thereof need not be offered, and plaintiff is entitled to nominal damages without introducing evidence. His petition is not, however, to be taken as true, and if he would recover a greater amount he must prove the same. Generally speaking, all evidence conforming to the pleadings and tending to show the amount of the demand or matters in aggravation of the injury is admissible; while under like limitations evidence tending to mitigate or reduce the damages is admissible on behalf of defendant. Evidence of matters which would have constituted a good plea in bar to the cause of action is generally held to be inadmissible. It may, however, happen that evidence which might, if used, have been available to prevent a judgment may after judgment be available to reduce the damages to a mere nominal sum."

In the case of *Wileman v. Mayor and Aldermen of Town of Tullahoma*, 29 Tenn. App. 172, 195 S.W.2d 325 (1946), plaintiffs Wileman and wife brought suit against the Town of Tullahoma to recover damages for injuries

to real estate resulting from raising of the level of a street. The defendants, Town of Tullahoma, failed to plead and a default judgment was entered against it. In an ex parte proceeding the jury assessed damages of $3,250.00. The defendant filed a motion to set aside the default judgment which was overruled but the trial court did grant a new trial as to the amount of damages. On the second trial the jury returned a verdict of only $1,500.00 which was affirmed by the Court of Appeals. Judge Hickerson made the following statement:

A default judgment only admits that plaintiff has stated a cause of action in the pleadings. Therefore, evidence which questions the right of action is inadmissible. Defendant may introduce evidence, however, on the question of damages, although a default judgment has been entered against it on the question of liability. *Boyd v. Merchants Delivery Company and Clarkson,* 7 TennApp. 416.

In 15 A.L.R.3d 607, in the annotation entitled "Default-Damages-Notice and Hearing" we find a general statement that upon the assessment of damages following the entry of a default, a defaulting defendant has the right to cross-examine plaintiff's witnesses and to introduce affirmative testimony on his own behalf in mitigation of the damages.

In Tennessee Procedures in Law Cases, Higgins & Crownover, at page 175, Section 448, we find a very unusual statement of the right of a defendant after default judgment. We copy Section 448 in full as follows:

448. Rights of Defendant after Writ of Inquiry Awarded; Range of Proof.—After such judgment is pronounced the plaintiff may proceed to a hearing upon

his writ of inquiry without giving the defendant notice of the time. But if the defendant is aware of, or becomes informed of, the time of the hearing, he may appear and controvert every issue in the case, and may present witnesses for the purpose of reducing the damages, even to the extent of showing there were no damages. But, under no circumstances will he be able to defeat the plaintiff in his recovery of some damages. The default judgment precludes him from doing that. *Nevertheless, he may overthrow every averment of fact set forth in the plaintiff's declaration for the purpose of showing that the uttermost of plaintiff's claim should be a judgment for nominal damages* (Emphasis supplied).

No case is cited by the authors to support the last sentence which we have italicized. It does not appear to be followed. Such a rule would encourage delay on the part of defendants and minimize the penalty of a judgment by default.

We are cited to no cases in Tennessee or elsewhere which allow a defendant in automobile personal liability case to prove remote contributory negligence on the part of the plaintiff to mitigate damages where the defendant had suffered a default judgment when the plaintiff's declaration alleges the defendant to be guilty of proximate negligence. We apply the general rule announced by our Tennessee Supreme Court in the old case of *Warren v. Kennedy,* supra, to the effect that the defendant by suffering a default judgment to be entered against him impliedly confesses all of the material allegations of fact contained in the plaintiff's declaration except the amount of the plaintiff's damages.

■ ·In the case at bar the declaration of the plaintiff, Earl Huffman, Administrator, avers

The negligence, reckless (sic) and carelessness of the defendant, Richard Adkisson, in the operation of his automobile as hereinabove alleged was the sole and proximate cause of the pain, suffering and ultimate death of R. B. Huffman.

Since this allegation of fact was impliedly confessed by the entry of the default judgment, we hold that it was incompetent for the defendant to argue and prove Huffman's contributory negligence on the trial to assess plaintiff's damages.

Accordingly, we hold that His Honor, the trial judge, in the instant case was in error in allowing the jury to consider remote contributory negligence on the part of the plaintiff's intestate, R. B. Huffman, in mitigation of the amount of damages to which the plaintiff was entitled.

The assignments of error are sustained, the judgment of the lower court is reversed and the cause remanded for a new trial consistent herewith. Appellee is taxed with the cost of this appeal.

MATHERNE, JUDGE.          CARNEY, JUDGE.

NEARN, JUDGE.

The judgment of the Court of Appeals is affirmed and the case remanded.

CHATTIN, CRESON, HUMPHREYS, and MCCANLESS, JUSTICES, concur.