390 So.2d 721 (1980)
Bonita KUHN, As Natural Guardian of Keith Anderson, Appellant,
v.
Grover E. HARLESS and Travelers Insurance Company, Appellee.
No. 77-1995.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
Joel Miller of Miller & Squire Chartered, Fort Lauderdale, for appellant.
Joseph S. Kashi of Grimmett, Scherer & James, Fort Lauderdale, for appellee.
DAUKSCH, JAMES C., Jr., Associate Judge.
This is an appeal from a judgment in a negligence case and is a case of first impression in Florida. The trial court allowed a defaulted defendant to raise the issue of comparative negligence at trial in addition to defending against the amount and propriety of damages. We reverse.
The question on appeal is whether a defendant who has properly suffered a default is permitted to introduce evidence at trial in regard to the comparative negligence of the plaintiff and thereby reduce the damage recovery of the plaintiff. The appellee, defendant, argues comparative negligence issues should be treated just like damages questions thus allowing any defendant to present evidence even though he had a proper default entered against him. It has long been the law in Florida that even though a defendant suffered a default he can still contest the amount of damages. Russ v. Gilbert, 19 Fla. 54 (1882). The appellant, plaintiff, argues comparative negligence is an issue of liability for the alleged tort rather than an element of damages.
The procedural matters, while interesting in this case, do not determine the result of our decision but, as will be noted, may have affected the outcome as to appellee Travelers Insurance Company. The complaint was against Harless as tortfeasor and Travelers as his carrier. The answer of Harless denied liability and set out an affirmative *722 defense of comparative negligence. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). The answer of Travelers denied coverage, denied Harless' negligence and set out the comparative negligence affirmative defense.
Harless refused to submit to discovery and after failure or refusal to comply with the court order to submit to discovery a default was entered against him.
The plaintiff then filed a motion under Fla.R.Civ.P. 1.250(b) dropping Travelers as a party and the court ordered Travelers dismissed as a party defendant. Although the attorneys for Travelers earlier had withdrawn as attorneys for Harless because of a potential conflict of interests in the coverage question, on the day of trial they asked to be permitted to represent Harless at trial because they admitted coverage and therefore the conflict was resolved. The court allowed their appearance for Harless who was not present in person. The court said the trial was to be on damages only. The dropping of Travelers as a party left Travelers' attorneys with no position in the case except their representation of Harless individually under the insurance policy. See Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Chrysler Corporation v. Hames, 345 So.2d 813 (Fla. 4th DCA 1977).
Before Hoffman v. Jones, supra, negligence lawsuits were governed by the law of contributory negligence where, if the defendant could show the plaintiff contributed to the cause of the accident, the plaintiff was barred from any recovery. Under the contributory negligence law a defaulted defendant was allowed to contest damages but was not permitted to contest liability. Russ v. Gilbert, supra. We have been unable to find a case which directly says the same rule applies under comparative negligence except Adkisson v. Huffman, 225 Tenn. 362, 469 S.W.2d 368 (1971).[1]
Apparently Tennessee uses the term contributory negligence as we use comparative negligence in apportionment of liability. We agree with the reasoning and holding of that case.
Comparative negligence is a defense to an allegation of liability which, if established, would reduce the amount of recovery the plaintiff receives but would not reduce the amount of damages the plaintiff suffers. When a plaintiff is injured and he alone is at fault he can recover nothing but if another is at fault the plaintiff recovers according to the degree of fault of the defendant. Hoffman v. Jones, supra. When a defendant fails to contest an allegation of fault he admits total fault and recovery for the plaintiff matches his damages suffered. Here the defendant essentially failed to contest his alleged fault and must suffer the judgment.
The judgment which awards partial damages to the plaintiff is reversed and this cause is remanded for entry of a judgment for the plaintiff for the entire damages.
REVERSED and REMANDED.
MOORE, J., concurs specially with opinion.
ANSTEAD, J., concurs in conclusion only.
MOORE, Judge, concurring specially.
I concur with Judge Dauksch. The issue in this case is whether a defendant, against whom a default has been entered, may nevertheless contest the percentage of his liability by proving the plaintiff guilty of comparative negligence. I do not feel that he can.
It is clear that the trial court intended to impose sanctions against Harless and, if we were to accept appellee's contention, quite the reverse would result. In such event, Harless would be free to do exactly what he could have done had the sanctions not been imposed. He would be able to contest liability, the percentages thereof, and damages exactly as he could have done in the absence of any sanctions. Thus, he has *723 suffered nothing and the plaintiff is placed in a position of going to trial on all of the original issues without having had the benefit of the discovery which is provided under our rules of procedure.
During the pretrial conference, the trial judge took the position that, because Travelers Insurance Company was a named defendant, and had not suffered a default against it, it could contest liability and damages, notwithstanding that its insured could not. He then suggested to the plaintiff that Travelers be dropped and the case would proceed against Harless on damages only.
THE COURT: The alternative, of course, is you could dismiss Travelers as a party defendant because there's nothing that says you have to sue them and then just proceed against Harless.
We have a default and then (sic) would just proceed to present the issue of damages to the jury and, if Travelers is out, then there is nobody there but you and the jury and then, once you get your judgment, then proceed against Travelers.
At the commencement of trial on damages, with Travelers dismissed as a party although representing Harless, further discussion ensued with the court stating:
We are in a terrible situation here because it used to be that if you were defaulted, that was it, and you couldn't assert affirmative defenses. You couldn't assert any defenses. But I am absolutely positive that the Supreme Court of this State would hold that even though you are defaulted, you can still come in and argue comparative negligence, because it goes to the issue of minimizing, mitigating damages. So, that raises the problem that Mr. Miller now suggests. Liability is established. (emphasis added).
Thus, by imposing the sanction, it is readily apparent the trial court intended to establish liability. The error was holding that comparative negligence acts to mitigate or minimize damages as opposed to merely being an apportionment of liability. Although a trial court has broad discretion to determine the extent of sanctions to be imposed, I believe that the trial court in this case imposed the ultimate sanction of a default against the individual defendant and, with manifest clarity, intended that his default operate to settle the issue of liability. The defendant, appellee, should not have been allowed to contest the liability issue or the percentages of liability.
NOTES
[1] We are quick to commend counsel for the appellee who brought to our attention this case which is against his position.