IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 23, 2004 Session

## WAYNELL C. BURNETTE v. TEDDY SUNDEEN, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-13311      W. Dale Young, Judge**

**FILED MAY 4, 2004**

**No. E2003-01404-COA-R3-CV**

In this litigation arising out of an automobile accident, Waynell C. Burnette ("the plaintiff") filed a motion asking the trial court to sanction Teddy Sundeen and Elhame Dauti ("the defendants") for a discovery abuse. Acting under the authority of Tenn. R. Civ. P. 37.02, the court entered a judgment by default against both defendants and, in the same order, awarded the plaintiff damages of $100,000. The defendants appeal, contending that they were not afforded proper notice of the plaintiff's intention to raise the issue of damages at the hearing on the motion for sanctions. We vacate so much of the trial court's order as awards the plaintiff unliquidated damages of $100,000.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated in Part; Affirmed in Part; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. (E.S.), and WILLIAM H. INMAN, SR.J., joined.

Gary M. Kellar and R. Kreis White, Brentwood, Tennessee, for the appellants, Teddy Sundeen and Elhame Dauti.

Linda G. Shown, Alcoa, Tennessee, for the appellee, Waynell C. Burnette.

**OPINION**

I.

In her complaint, the plaintiff alleged, *inter alia*, that Ms. Dauti was guilty of negligence that resulted in her striking the plaintiff's vehicle in the rear. The plaintiff sued both defendants, claiming personal injuries. She alleged Mr. Sundeen owned the car that was involved in the accident and that he had given Ms. Dauti permission to drive it. As a result of the accident, the plaintiff allegedly "suffered[] severe, painful, permanent and disabling injuries." She averred that she "has likewise incurred, and will continue to incur, extensive expenses for the reasonable and necessary treatment of [her injuries]."

In their July 17, 2002, answer, the defendants admitted that Ms. Dauti was "negligent in failing to keep a proper lookout ahead" and in rear-ending the plaintiff's vehicle. The defendants also admitted that the car was titled and registered to Mr. Sundeen; however, they claimed that the car was "in reality" Ms. Dauti's. On the day they filed their answer, the defendants also filed interrogatories and a motion for production of documents. A week later, the plaintiff signed a document authorizing the defendants' attorney to obtain the plaintiff's medical, hospital, and employment records.[1] On December 30, 2002, the trial court entered the parties' agreed order for the release of those records.

Nearly three months later, on March 26, 2003, the plaintiff filed a motion to set aside the agreed order on the ground that "[d]efendant's [sic] counsel has obtained medical records of plaintiff and has not furnished such records to counsel of record as ordered by this Court."[2] That same day, the plaintiff filed a revocation of her written authorization permitting the defendants' attorney to obtain her records. On April 8, 2003, the trial court granted the plaintiff's motion to set aside the agreed order on the ground that "[t]he record reflects that defendants have obtained records of the plaintiff for which plaintiff's counsel avers that such records were obtained under the Agreed Order and have not been furnished to plaintiff's counsel within ten days of obtaining such records and have not been furnished to plaintiff's counsel . . . ." Approximately two weeks later, the plaintiff filed a motion for sanctions pursuant to Tenn. R. Civ. P. 37.02. The motion was prompted by the failure of the defendants to furnish copies of the records to the plaintiff as they had been ordered to do by the court. The motion for sanctions provides, in pertinent part, as follows:

> COMES NOW the Plaintiff, Waynell Burnette, pursuant to Rule 37.02 of the Tennessee Rules of Civil Procedure, and moves this Honorable Court for any and all relief to which she is entitled, including but not limited to judgment by default, for the defendants failure to obey the lawful orders of this Honorable Court.
>
> * * *
>
> NOTICE OF HEARING
>
> THIS HEARING IS SET BEFORE THE HONORABLE JUDGE W. DALE YOUNG ON MAY 5, 2003 AT 9:00a.m. IN THE BLOUNT COUNTY CIRCUIT COURT AT MARYVILLE.
>
> THIS IS THE ONLY NOTICE YOU WILL RECEIVE.

---

[1]On October 16, 2002, attorneys Gary M. Kellar and R. Kreis White were substituted as counsel for the defendants in place of their previous counsel.

[2]The agreed order provides that copies of the records secured pursuant to the order would be furnished to all parties.

(Capitalization and underlining in original).

The trial court held a hearing on the plaintiff's motion for sanctions. Following the hearing, the trial court entered an order, which states, in pertinent part, that the "judgment by default, in the amount of [$100,000] is **GRANTED.**" (Capitalization and bold in original). The granting of the default judgment and the assessment of damages of $100,000 all occurred as a result of the May 5, 2003, hearing.

II.

The defendants present the following issue for our review:

> Whether the Court erred by sanctioning the defendants by granting a default judgment on unliquidated damages in the amount of $100,000.00 without ordering a writ of inquiry or a hearing on damages.

Since the material facts impacting the trial court's decision are undisputed, our *de novo* review is one of law on the record below with no presumption of correctness attaching to the trial court's decision. *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

III.

Tenn. R. Civ. P. 37.02 provides, in pertinent part, that

> [i]f a deponent; party; an officer, director, or managing agent of a party . . . fails to obey an order to provide or permit discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>      \*    \*    \*
>
> (C) An order . . . rendering a judgment by default against the disobedient party;
>
>      \*    \*    \*
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the

> failure was substantially justified or that other circumstances make an award of expenses unjust.

The sanctions addressed in Tenn. R. Civ. P. 37.02 "serve a three-fold purpose: (1) to secure a party's compliance with the discovery rules, (2) to deter other litigants from violating the discovery rules, and (3) to punish parties who violate the discovery rules." *Mansfield v. Mansfield*, No. 01A019412CH0058, 1995 WL 643329, at *5 (Tenn. Ct. App. M.S., filed Nov. 3, 1995) (citing *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 735 (Tex. Ct. App. 1993)). Monetary sanctions also fulfill the "additional purpose of providing compensation for the expenses caused by the inappropriate conduct." *Mansfield,* 1995 WL 643329, at *5 (citing *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985)). Such monetary sanctions are required to be

> related directly to the particular type of abuse involved in the case and must not be excessive. The punishment, in other words, must fit the crime and must be visited upon the criminal.

*Mansfield,* 1995 WL 643329, at *6.

When a default judgment is entered against a defendant, he or she "impliedly confesses all of the material allegations of fact contained in the plaintiff's declaration *except the amount of the plaintiff's unliquidated damages*." *Adkisson v. Huffman*, 469 S.W.2d 368, 375 (1971) (emphasis added); *see also Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 101 (Tenn. 1984). A defendant against whom a default judgment has been entered "may introduce evidence . . . on the question of damages." *Adkisson*, 469 S.W.2d at 374 (citation omitted); *see also Patterson*, 665 S.W.2d at 101.

Tenn. R. Civ. P. 55.01 provides, in pertinent part, that

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings . . . as it deems necessary and proper and shall accord a right to a trial by jury to the parties when and as required by statute.

The official comment to Tenn. R. Civ. P. 55 is instructive:

> This Rule adopts the substance of previous Tennessee procedure, including [Tenn. Code Ann.] § 25-108. It adds a precautionary provision as to infants and incompetent persons in certain cases and requires written notice when a party has appeared in the cause.

Tenn. Code Ann. § 25-108 (repealed 1972), the predecessor legislative enactment to Tenn. R. Civ. P. 55, provided that

> [i]f the defendant fail to appear and defend at the time prescribed by law, judgment by default may be taken against him. In such case, the judgment is final if the amount of the plaintiff's claim can be ascertained by simple calculation from the papers; when the amount cannot be thus readily ascertained, the damages will be assessed by a jury impaneled at the same term for the purpose.

Thus, under Tenn. Code Ann. § 25-108, a trial court was required to hold a hearing when the plaintiff's claimed damages were not readily ascertainable "by simple calculation." Obviously, such is the case in this lawsuit, involving, as it does, unliquidated damages.

## IV.

The issue before us raises a single and narrow question: Did the plaintiff's motion and accompanying notice advise the defendants that the plaintiff intended to present evidence of her unliquidated damages and seek an award of those damages at the noticed hearing on May 5, 2003? The defendants claim that the motion and notice did not advise them of this intention. They do not contest the entry of the judgment by default; but they do contend that the trial court was without authority, under the notice, to award a specific amount of damages for the plaintiff's injuries "without conducting a writ of inquiry or a hearing on damages."

The plaintiff argues that the defendants "cannot be afforded relief on this issue because the record discloses that the [plaintiff] complied with procedural safeguards and specifically, the record shows that [plaintiff] gave [defendants] undisputed notice of the hearing wherein damages were awarded." The plaintiff claims that, pursuant to the contents of the motion for sanctions, "it can be fairly said that [defendants] were given notice of the time and place of the hearing wherein the trial court entered a final decree upon determining [plaintiff's] damages." Citing Tenn. R. Civ. P. 55.01, the plaintiff contends that "[t]he rules of civil procedure make it clear that it is within the trial court's discretion to determine from the evidence before it whether or not it is necessary to take a further account of the damages and to order such further hearings as it deems necessary."

## V.

"A fundamental requirement of due process is notice and an opportunity to be heard." ***Phillips v. State Bd. of Regents***, 863 S.W.2d 45, 50 (Tenn. 1993). Procedural due process is a right guaranteed by the federal and state Constitutions. ***Redd v. Tenn. Dep't of Safety***, 895 S.W.2d 332, 334 (Tenn. 1995).

The plaintiff's motion is expressly one for sanctions under Tenn. R. Civ. P. 37.02. The motion clearly recites what the plaintiff intends to seek at the May 5, 2003, hearing:

> [P]ursuant to Rule 37.02 of the Tennessee Rules of Civil Procedure
> . . . any and all relief to which she is entitled, including but not
> limited to judgment by default . . . .

It is likewise clear that the reason for the plaintiff's request is "the defendant's failure to obey the lawful orders of this Honorable Court." This motion put the defendants on notice that the plaintiff intended to seek *such relief as is provided for in Tenn. R. Civ. P. 37.02*. While such relief includes "judgment by default" and "reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order]," it clearly does not include an award of unliquidated damages in an automobile case.

We hold the trial court erred, as a matter of law, in considering the issue of damages under the notice accompanying the plaintiff's motion. That notice, reasonably construed, did not advise the defendants that the issue of unliquidated damages would be addressed on May 5, 2003. We reject the plaintiff's suggestion that a hearing was not required under Tenn. R. Civ. P. 55.01. Such an interpretation and application of the rule does not comport with procedural due process.

VI.

The order of the trial court awarding Waynell C. Burnette damages in the amount of $100,000 is hereby vacated. In all other respects, including the judgment by default, the trial court's order is affirmed. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellee, Waynell C. Burnette.

_____
CHARLES D. SUSANO, JR., JUDGE