Agnes, Peter W., J.
The plaintiff, Hector Rodriguez, (“Rodriguez”) obtained a default against the defendant, Riggs & Lombard (“R&L”), for failure to appear for a court-ordered pretrial conference the purpose of which was to set a date for trial. See Mass.R.Civ.P. 55(b). A motion to remove the default was heard but denied. A motion for reconsideration was likewise denied. In accordance with Mass.R.Civ.P. 55(b)(6), the plaintiff filed a motion for a default judgment and an assessment of damages accompanied by an affidavit and a Memorandum of Law. The defendant R&L filed a Memorandum of Lawin opposition to the motion also accompanied by an affidavit. The matter before the court appears to raise a question of first impression in the Commonwealth, namely, whether the defaulted party is precluded from introducing evidence of the plaintiffs comparative negligence at the hearing to assess damages under Mass.R.Civ.P. 55(b)(2).
BACKGROUND
In 1994, Rodriguez was injured in an industrial accident while allegedly cleaning a fabric shearing machine built by R&L in 1969. The plaintiff alleges that the injury occurred during his employment in a mill located in Millbury, Massachusetts. The second amended complaint (paper number 10) sets forth a count for negligence and a count for breach of warranty. In particular, the plaintiff asserts that his hand got caught in the machine and its blades amputated four of his fingers. At the time of the events in question, the machine was owned by plaintiffs employer. R&L was dissolved on January 28, 1997.
In 1997, Rodriguez filed suit against Parks & Wool-son Machine Co., Inc., the corporation that purchased the assets of R&L. Approximately two years later, R&L was impleaded as a defendant. R&L filed a timely answer which includes both general denials to each count of the second amended complaint and twenty-two “affirmative defenses” including three defenses that allege that (1) the plaintiffs injuries were caused in whole or in part by his own negligence (number four), (2) if the negligence of the defendant exceeds that of the plaintiff any damages recovered by the plaintiff should be reduced by the percentage amount of negligence attributed to the plaintiff (number five) and (3) if the negligence of the plaintiff was as great as or greater than that of the defendant the plaintiff is not entitled to recover in accordance with G.L.c. 231, §85 (number five) (paper number 12).
In September 2005, this court entered a default judgment against R&L when after notice it failed to appear for a final pretrial conference. The record reveals that counsel for R&L was allowed to withdraw, and, despite notices and orders from the court, no successor counsel was appointed to defend the action. R&L’s motion to vacate the default was denied. The remaining issue therefore is what are the damages to be awarded to the plaintiff. The plaintiff has filed a Memorandum of Damages with attached affidavits in which he outlines claims for loss of earning capacity, medical expenses, loss of the enjoyment of life, and acknowledges a lien that must be paid to an insurer under G.L.c. 152, §15 (paper number 22). R&L has filed papers indicating its intention to offer evidence at the assessment of damages hearing that would have the effect of diminishing its damages by establishing the plaintiffs comparative negligence.
DISCUSSION
A. Effect of a Default Judgment When Damages Sought Are Unliquidated
The entry of a “default” is a ministerial function performed by the clerk under Mass.R.Civ.P. 55(a) whenever it is shown, by “affidavit or otherwise,” a party against whom judgment is sought “has failed to plead or defend.” This includes the situation where a party receives notice but fails to appear for a pretrial conference. However, in a tort case such as this in which the damages sought by the plaintiff are unliq-uidated, the entry of judgment following a default is an act reserved for the court. Mass.R.Civ.P. 55(b)(2). The rule contemplates a hearing to assess the amount of the damages due to the plaintiff.
The general effect of a Rule 55(a) default by the defendant in a case such as this is that “the factual allegations of a complaint are accepted as true for purposes of establishing liability.” See 10A Wright, Miller, & Kane, Federal Practice & Procedure §2688, at 63 (3d ed. 1998) (“once the default is established, defendant has no further standing to contest the factual allegations of plaintiffs claim for relief’). However, as noted by the Appeals Court, a default does not relieve the court of all responsibility for assessing the sufficiency of the plaintiffs allegations, nor does it entirely foreclose the defaulted defendant from challenging the plaintiffs claims.
*644 Upon default under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), the factual allegations of a complaint are accepted as true for purposes of establishing liability; the question whether an adequate statement of a claim for relief has been made, however, remains open . . . [T]he question of a complaint’s sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory.
Marshall v. Stratus Phar., 61 Mass.App.Ct. 667, 670-71 (2001) (quotation and citations omitted). Accord, Thomson v. Wooster, 114 U.S. 104, 113 (1884) (explaining that the default does not bind the defaulted party to the relief requested by the plaintiff, but only to the well pleaded factual allegations in the complaint). As a result of a default, the “defendant should not be taken to admit facts not fairly alleged and should not be liable on a basis other than what the complaint has given him or her cause to expect.” Marshall, 61 Mass.App.Ct. at 674.
In Marshall, the Appeals Court also explained that the trial judge is not confined to the affidavits and other papers submitted by the parties following a default, but rather that the court has discretion to conduct an evidentiary hearing in connection with its assessment of damages. “If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation or any other matter, the court may conduct such hearings or order such references as it deems necessary and proper...” Mass.R.Civ.P. 55(b)(2). If an evidentiary hearing is to be conducted, the judge is required to give advance notice to the parties. Marshall 61 Mass.App.Ct. at 676 (holding that “entitlement of a plaintiff to double or triple damages because of the wilfulness of a defendant [under a G.L.c. 93A claim] is treated as a question relating to damages and, therefore, is not precluded by a default”).
A similar problem confronted the Supreme Judicial Court in Productora e Importadora de Papel v. Fleming, 376 Mass. 826 (1978). There was a default by one of several defendants. At the Mass.R.Civ.P. 55(b)(2) hearing, the defendant Fleming was denied permission to question a witness for the plaintiff about which orders for goods had been placed with defendant Fleming’s company as opposed to with another defendant. In reversing and ordering a new hearing, the Supreme Judicial Court explained that the entry of a default judgment “does not operate as an absolute confession by the defendant of his liability and of the plaintiff s right to recover." Id. at 834 (quotation omitted). A plaintiff who has obtained such a judgment is “required to establish the extent of its damages.” Bissanti v. Design/Build Group v. McClay, 32 Mass.App.Ct. 469, 470 (1992). Thus, following the reasoning of the Appeals Court in Marshall, the Supreme Judicial Court noted that when presented with a default judgment, the trial judge is not bound to enter final judgment on the basis of an erroneous statement of damages set forth in the plaintiffs complaint, but instead is required “to determine damages based on the correct interpretation of the exhibits and other undisputed fats before him.” Productora, 376 Mass. at 470. Likewise, it is open to the defaulted defendant to offer evidence on how the damages should be apportioned among several defendants. Id at 471 (implying approval for the proposition stated in Fehlhaber v. Indian Trails, Inc., 425 Mass. 715, 717 (3d Cir. 1970), “that determination of relative degree of fault among joint tortfeasors is open at hearing on assessment of damages and is not concluded by entry of default”). For the same reasons, a settlement received by the defendant from a party which is jointly liable with the defendant in default should be deducted from the amount that the plaintiff recovers from that defendant." Scannell v. Ed. Ferreirinha & Irmano, LDA, 401 Mass. 155, 165 (1987). See also Eagle Fund, Limited v. Sarkans, 63 Mass.App.Ct. 79, 82 n.8 (2005) (“[A] party in default does not admit conclusions of law, and may contest the sufficiency of the complaint and its allegations to support the judgment").
B. Evidence of Comparative Negligence Is Not Admissible at the Assessment of Damages Hearing
In determining the scope of a hearing to assess damages under Mass.R.Civ.P. 55(b)(2), it is appropriate to examine the allegations of the complaint. See Danca Corporation v. Raytheon Company, 28 Mass.App.Ct. 942, 943 (1990). An examination of the plaintiffs second amended complaint reveals that he asserted and thus put the defendant R&L on notice that “[t]hrough no fault of his own, the plaintiff Hector M. Rodriguez was severely injured by said machine and thereby sustained damages.” Plaintiffs Second Amended Complaint, para. 7. In succeeding paragraphs of his complaint, the plaintiff details the ways in which the defendant was negligent and gives the defendant a general description of his damages.
It also is useful to examine the Massachusetts comparative negligence statute. Until 1969, Massachusetts followed the doctrine of contributory negligence whereby the negligence of the plaintiff was a bar to his recovery. See St. 1952, c. 533, §1 amending G.L.c. 231, §85. In that year, the Legislature adopted the first version of comparative negligence whereby the plaintiff could recover damages so long as his negligence “was not as great as the negligence of the person against whom recover is sought.” See G.L.c. 231, §85, as amended by St. 1969, c. 761, §1. See also Riley v. Davison Const. Co., Inc., 381 Mass. 432, 438 n.5 (1980) (purpose of the 1969 change in the law was to “ameliorate the harsh result of the contributory negligence rule and permit recovery by a plaintiff whose negligence was not greater than the negligence of the defendant”). When the Massachusetts Rules of Civil *645 Procedure were first adopted in 1973, the Legislature not only repealed a number of statutes that were inconsistent with the rules, but also amended the comparative negligence law which has remained in that form to this day. See G.L.c. 231, §85, as amended by St. 1973, c. 1123, §1. However, the fact that comparative negligence existed prior to the adoption of the rules of civil procedure is evidence that when the legislature amended G.L.c. 231, §85 after the rules were adopted, it did not intend to impliedly affect the scope of a hearing under Mass.R.Civ.P. 55(b)(2).
Moreover, despite these statutory changes, Massachusetts law has always regarded the negligence of the plaintiff as an affirmative defense. See Zawacki v. Finn, 307 Mass. 86, 88 (1940). An affirmative defense is subject to waiver. See Livingston v. Murphy, 187 Mass. 312, 315 (1905). See also Mass.RCiv.P. 8(c). By failing to defend this action, R&L have elected to give up the affirmative defenses pled in their second amended answer.
Although entry of a default leaves open the question of damages, it does not contemplate a trial of the underlying action. Under Mass.R.Civ.P. 55(b), “[t]he hearing is not a trial; if the court determines that the defendant is in default, his liability is established and may not be contested. The defaulted party is, however, provided an opportunity to contest the amount of damages ...” 1973 Reporter’s Notes to Rule 55(b). In declining to apply the comparative negligence law to defendants who settle their case before trial, the Supreme Judicial Court observed that “Our reading of the language in G.L.c. 231, §85, in light of our previous interpretations of the Massachusetts statutory schemes governing liability of multiple tortfeasors, persuades us that the statute applies only to named parties who participate in the trial.” Shantigar Foundation v. Bear Mountain Builders, 441 Mass. 131, 144 (2004). Contrast Keene v. Brigham Hospital 439 Mass. 233, 238-39 (2003) (charitable immunity law, though often described as an affirmative defense is actually a “limitation on liability” that may be considered during a rule 55(b)(2) hearing).
To allow the defaulted party not only to contest damages in a case such as this, but to litigate the issue of comparative negligence at a Rule 55(b)(2) assessment of damages hearing would distort the nature of the hearing by expanding it from the subject of damages to the subject of liability in contravention of Rule 55(b). This result is in keeping with the majority rule in jurisdictions which have considered the matter. “Defenses which go to the right of recovery are not available to a defaulting defendant. The doctrine of comparative negligence, even though it goes in part to the assessment of damages, is primarily a substantive defense going to a plaintiffs’ right to recover and, therefore, is not available as a defense to a defendant against whom a default judgment has been entered.” Thomas v. Duquesne, 376 Pa.Super. 1, 13-14 (1988) (citations omitted). Accord, Whitby v. Malay, 150 Ga.App. 575, 576, 258 S.E.2d 181, 182-83 (1979) (“Defenses which go to the right of recovery are not available to the defendant in default even though the same defense may also go to the assessment of damages. The doctrine of comparative negligence goes to the right of recovery as well as to the amount of damages.”); Adkisson v. Huffman, 225 Tenn. 362, 469 S.W.2d 368 (1971). See also Calise v. Hidden Valley Condo Ass’n, 773 A.2d 834 (R.I. 2001). Contrast, Burge v. Mid-Continent Cos. Co., 123 N.M. 1, 8, 933 P.2d 210, 217 (1996) (“We hold that a defaulting party admits only to the liability aspect of the complaint, thus reserving for the damages hearing a determination of damages in accordance with the application of comparative negligence and apportionment of damages ...”); Olsten Staffing Services, Inc v. D.A. Stinger Services, Inc.,921 P.2d 596, 601 (Wyo. 1996) (same). Compare Harless v. Kuhn, 403 So.2d 423 (Fla. 1981) (holding that it is within the trial court’s discretion whether to allow a defaulted defendant to introduce evidence of comparative negligence); Kalamazoo Oil Company v. Boerman, 242 Mich App. 75, 87-88 (2000) (same).
ORDER
For the above reasons, the defendant’s motion to litigate the issue of comparative evidence during the hearing to be conducted under Mass.R.Civ.P. 55(b)(2) is DENIED. The plaintiff should contact the clerk and schedule a hearing at a time mutually agreeable to the parties. At this hearing, the plaintiff will bear the burden of proof with respect to his damages. The ordinary rules of evidence will apply. The defendant has the right to cross-examine the witnesses called by the plaintiff and offer witnesses of his own. The scope of the hearing will be limited to evidence that is relevant and material to the damages suffered by the plaintiff as a result of the defendant’s negligence.