IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
AUGUST 19, 2008 Session

## WILLIAM BURSE and wife, JUNE BURSE v. FRANK W. HICKS, III, ET AL.

**Appeal from the Circuit Court for Haywood County**
**No. 5965    Clayburn Peeples, Judge**

_____

**No. W2007-02848-COA-R3-CV - Filed September 30, 2008**

_____

This is a negligence action. Burse filed a complaint against Appellant alleging that Appellant had negligently injured him in an automobile accident. Appellant answered the complaint, in part, by alleging that the accident was caused by the negligence of Appellee. At the time of the accident, Appellee and Burse were standing next to each other while preparing for a Christmas parade. Appellee moved for summary judgment alleging that he owed no duty to Burse and that he was not the cause of the accident. The trial court granted Appellee's motion for summary judgment, and this appeal followed. We affirm the trial court's decision to grant summary judgment.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M., KIRBY, J., joined.

Andrew H. Owens, Memphis, TN,  for the Appellants

Bradford D. Box, Jackson, TN, for the Appellees
Spencer R. Barnes, Jackson, TN, for the Appellees

**OPINION**

Facts and Procedural History

On December 7, 2002, the city of Brownsville held its annual Christmas Parade. The Plaintiff, William Burse (hereinafter, "Burse"), stood on Boyd Avenue and helped prepare vehicles and their floats for the parade. Because it was dark and the parade potentially chaotic, Burse wore reflective clothing as a precaution. At the time, Boyd Avenue was closed to public traffic. The Appellee, Jesse Davis, Jr. (hereinafter "Davis"), approached Burse, and they spoke briefly about the arrangements for the parade. The two men were only casual acquaintances and did not know each

other particularly well. Meanwhile, Appellant Frank W. Hicks, III. (hereinafter "Hicks"), was driving east on Boyd Avenue. At approximately 8:40 p.m., Hicks' vehicle struck both Burse and Davis.

Burse filed a personal injury lawsuit alleging negligence on the part of Hicks. Hicks' employer, Hicks Convention Services, Inc., was joined as a Defendant under a vicarious liability theory. The defendants answered the Complaint, in part, by alleging the negligence of Davis. Burse then amended his complaint to allege the negligence of Davis. The Complaint alleged that Davis was standing in such a position and proximity relative to Burse so as to obscure Hicks' view of him. After a brief discovery period, Davis moved for Summary Judgment under Tenn. R. Civ. P. 56. Although Burse did not contest Davis' motion, Hicks, as co-Defendant, did. After a hearing on the motion, the trial court granted summary judgment in favor of Davis on November 5, 2007. Hicks appeals.

## Issue on Appeal

The sole issue presented on appeal is whether, in light of the undisputed facts, the trial court erred in granting summary judgment for Davis.

## Standard of Review

On appeal, the review of a trial court's grant of a summary judgment presents a question of law. Therefore, review is de novo with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). When the material facts regarding a controlling issue are undisputed, summary judgment is an appropriate means of deciding that issue. *Byrd v. Hall*, 847 S.W.2d 208, 214-215 (Tenn. 1993). In evaluating the trial court's decision to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-11; *Mooney v. Sneed*, 30 S.W.3d 304, 305-06 (Tenn. 2000).

## Adequacy of the Order granting Summary Judgment

Oral argument on the motions for summary judgment were held on October 15, 2007. The trial court entered its order granting summary judgment to Davis on November 5, 2007. The Order states that "it is hereby ordered, adjudged and decreed that the Motion for Summary Judgment of [Defendant, Jesse Davis, Jr.] is well taken and should be granted pursuant to law and there being no material disputed fact."

Prior to July 1, 2007, the legal grounds for granting or denying summary judgment need only be stated in the order "upon request" of either party. Tenn. R. Civ. P. 56.04 was amended effective July 1, 2007, to state: "[t]he trial court *shall* state the legal grounds upon which the court denies or grants the motion, which *shall* be included in the order reflecting the court's ruling" (emphasis added). The Order in the case before us does not comply with Tenn. R. Civ. P. 56.04. When the legal grounds for the trial court's decision are omitted, a reviewing court cannot analyze the decision's validity, and appellate review becomes unnecessarily speculative. The 2007 amendment to Tenn. R. Civ. P. 56.04 was intended to cure this problem. The Rule's requirements are specific and without exception. Therefore, we find that the trial court erred in failing to state the legal basis for its grant of summary judgment.

The case before us, however, presents the rare instance when such an error will not compel a remand to the trial court. *See*, *White v. Pulaski Elec. Sys.*, No. M2007-01835-COA-R3-CV, 2008 WL 3850525, at *3 (Tenn. Ct. App. Aug. 18, 2008); *Burgess v. Kone, Inc.*, No. M2007-02529-COA-RC-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008). The record presents a clear legal issue–duty in a negligence case–that was almost certainly the basis for the trial court's decision to grant summary judgment in favor of Davis. Therefore, for the sake of judicial economy, we will "soldier on without guidance from the trial court." *Church v. Perales*, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000). However, in doing so, we do not recognize any general exception to the clear requirements of Tenn. R. Civ. P. 56.04.

## Law and Analysis

Under Tennessee law, a negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005) (citing *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998)). The focus in this case is on the first element, the duty of care.

The existence of a duty is a question of law. *Coln*, 966 S.W.2d at 39. Legal duty has been defined as the legal obligation owed by a defendant to a plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm. *West v. East Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005). A "risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). When deciding whether a duty is owed in a specific case, "courts apply a balancing approach, based upon principles of fairness, to identify whether the risk to the plaintiff was unreasonable." *Burroughs v. Magee*, 118 S.W.3d 323, 328-29 (Tenn. 2003).

-3-

Under most circumstances, the "general duty of care does not include an affirmative duty to act for the protection of another." *Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2005). However, a defendant does have an affirmative duty to act when standing "in some special relation to either the person who is the source of the danger, or to the person who is forseeably at risk from the danger." *Id*. (quoting *Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997)). The types of special relationships that courts consider may include "socially recognized relations" like parent and child, employer and employee, and innkeeper and guest. *See* Restatement (Second) of Torts §§ 314-315 (1965).

Hicks argues that Davis took on a duty to act with due care when he walked into the street and stood next to Burse. Because Burse was wearing reflective clothing, Hicks argues, it was forseeable to Davis that a motorist's view of Burse would be obscured. To support this argument, the Appellant relies on several cases that require pedestrians to use reasonable care for their own safety. *See, e.g.*, *Templeton v. Quarles*, 374 S.W.2d 654, 659 (Tenn. Ct. App. 1964); *De Rossett v. Malone*, 239 S.W.2d 366, 373 (Tenn. Ct. App. 1950) (holding that "no more is required [of a pedestrian] than that he exercise ordinary care for his own safety"). Appellant also relies on a number of cases that considered a pedestrian's dark clothing when deciding a pedestrian's contributory negligence. *See, Adkisson v. Huffman* 469 S.W.2d 368 (Tenn. Ct, App. 1971); *Lowery v. Franks*, No. 02A01-9612-CV00304, 1997 WL 566114 (Sept. 10, 1997).

The facts presented in this case compel the conclusion that Davis owed no duty to Burse. Appellant correctly points out that Davis had a duty to use reasonable care for his own safety but does not explain how this rule of law imposes a duty to use care for the safety of Burse. Davis certainly had a duty to look out for his own safety; he did not have a duty to look out for Burse. Holding that Davis owed a duty to Burse would require us to conclude that Davis took on this duty by simply standing in the street. If Davis were suing Hicks, an analysis of the care he used as a pedestrian would be relevant. Here, it is not.

Furthermore, the cases addressing a pedestrian's "dark" clothing do not apply here. In the cases relied on by Hicks, the courts analyzed the pedestrian's clothing as it related to proximate cause. In *Adkisson v. Huffman*, 469 S.W.2d 368 (Tenn. 1971), the court faced a similar situation and recognized that a pedestrian's dark clothing should be considered when deciding if that pedestrian was negligent. *Id.* at 370. Here, however, the issue is whether Davis owed a duty of care to Burse. *Adkisson* addresses a problem of causation, but it does not provide guidance on the issue of duty.

Finally, to determine whether Davis owed a duty to protect Burse from the harm caused by Hicks, we must also consider whether Davis stood in a special relationship to either Burse or Hicks. The record reveals that Davis and Burse were merely casual acquaintances who happened to be standing next to each other when the accident occurred. They were not family, and they were not working together. In short, they did not have a "socially recognized relationship." The record also does not show that Davis had any kind of relationship with Hicks. The only apparent relationship

-4-

between any of the parties is the one that arose from their shared misfortune in being involved in this accident. Therefore, we cannot conclude that Davis had a relationship with either of the parties that would impose a duty of care to protect Burse from Hicks' driving.

In sum, we find that Davis did not owe a duty of care to his fellow pedestrian, Burse. Therefore, we affirm the trial court's grant of summary judgment to Davis. The costs of appeal are assessed to the appellant, Frank W. Hicks III, Frank W. Hicks Jr., Hicks Convention Services Inc., and their respective sureties.

_____
J. STEVEN STAFFORD, J.